### LAMBERT v. HILL et al.

No. 26749. May 25, 1937.

Rehearing Denied July 13, 1937.

Application for Leave to File Second Petition for Rehearing Denied Nov. 16, 1937.

H. P. White and J. L. Jackson, for plaintiff in error.

Hamilton & Howard and D. E. Hodges, for defendants in error R. H. Hill and Lester Hollingsworth.

William H. Cline, for P. S. Mason and George Sommers.

WELCH, J. This is an appeal from an order and judgment of the district court of Osage county approving, ratifying, and confirming a settlement or satisfaction of judgment previously entered into by the parties, and approving, ratifying, and confirming the payment of attorney's fee theretofore made.

The facts material to the issues here are that in February, 1930, one Jackie Lambert, a minor, by his next friend, A. C. Seely, sued the defendants, Hill and Hollingsworth, in this same cause, and in February, 1931, procured a judgment against said defendants for $5,000 damages for personal injuries. Thereafter the defendants perfected an appeal to this court. Pending such appeal the two above-named defendants, and Seely, who had been appointed guardian ad litem in the cause for the minor, the minor's mother and stepfather, who had the care and custody of the minor, together with the attorneys for the respective parties, entered into negotiations for the purpose of settling and compromising the controversy. The negotiations resulted in an agreement by and between all of such parties to settle and compromise the cause and judgment for a consideration of $2,000. This compromise agreement was reduced to writing and purported to be a complete release and satisfaction of such judgment, together with interest and attorney's fees. The written agreement, however, did not specify the sum of money to be paid, but acknowledged payment of the amount due upon the judgment. This written agreement or release was executed by the parties on September 21, 1932, whereupon the defendant Hill paid to Seely, as next friend and guardian ad litem of the minor, the sum of $2,000 in cash. Seely immediately disbursed this money by paying to the mother of the minor $1,000, and to the plaintiff's attorney in said action the sum of $1,000. Subsequent thereto, in November, 1932, the appeal of said cause then pending in this court was affirmed for failure of plaintiff in error to file brief, and judgment was therein rendered against the bondsmen upon the supersedeas bond. Hill v. Lambert, 166 Okla. 146, 28 P. (2d) 541. Thereafter plaintiff in error here, R. I. Carter, was appointed legal guardian of said minor by the county court of Seminole county. On February 16, 1935, said guardian procured the issuance of executions in satisfaction of the judgment therein rendered and affirmed by this court in the Hill Case, supra. At that time the release of judgment heretofore referred to had not been filed in the cause and nothing appeared therein to indicate satisfaction of the judgment. After the issuance of the executions the original defendants, Hill and Hollingsworth, joined by Mason and Sommers, against whom

judgment had been rendered by this court as sureties on the supersedeas bond, filed a motion in said cause to recall the executions. It appears that the satisfaction of judgment had been filed in the cause on February 27, 1935. By the several pleadings thereafter filed the defendants sought the court's approval of the agreement entered into on September 21, 1932, and sought the court's approval and confirmation of all of the acts had and done in connection therewith by the parties.

Carter by his pleadings contested the request of the defendants in this respect, and sought to expunge from the record the written instrument designated as "satisfaction of judgment." On April 13, 1935, the trial court proceeded to a complete hearing of all of the issues made by such pleadings, and after a full hearing thereon, and the taking of testimony, entered the order hereinabove referred to from which this appeal is taken by the legal guardian.

Some of the appellant's contentions are stated in his own words as follows:

"We contend that the purported settlement of the $5,000 judgment on September 21, 1932, was not, at that time, and especially was not at the time the order and judgment complained of was rendered, in the best interests of said minor, but was against the best interest of said minor and in fraud of said minor's rights.

"We contend further that the trial court had no jurisdiction of the subject matter to determine any matter presented by the motion of the judgment debtors, and had no jurisdiction to render the kind of judgment sought by the defendants in error; had no jurisdiction to ratify, confirm or approve the purported compromise settlement had on September 21, 1932, Jackie Lambert, by his legal guardian, having theretofore disaffirmed and avoided said purported compromise settlement.

"We contend further that if the court had any jurisdiction whatever to proceed in the original case by motion, or otherwise, five years after the rendition of judgment, that jurisdiction could not be invoked by the defendants, R. H. Hill and Lester Hollingsworth and/or the defendants P. S. Mason and George Sommers to ratify, confirm or approve the purported contract of compromise and settlement of the $5,000 judgment, as against said minor, and that such jurisdiction could only be invoked by, or on behalf of, said minor."

He cites sections 9397-9399, O. S. 1931, relating to statutory inhibitions against a minor to contract or to delegate power. A number of decisions are cited construing such statutory provisions. These provisions of the statute and the cited cases do not appear to be in point. The question here does not concern an attempted delegation of power by the minor, or any attempt on the part of the minor to contract. The source of the power and authority of the parties, if any, to bind and effect the interests of the minor grows out of the law prescribing the power, authority, and duties of a next friend and guardian ad litem and attorney in the conduct of affairs of the minor in litigation in which the minor is interested. We shall discuss such authority later. We believe the question here does not involve a consideration of the affirmance or disaffirmance of a purported contract of a minor, and that the trial court did not purport to rule upon any such question in excess of its jurisdiction, as the appellant contends.

The question upon which the court did pass concerned the action and conduct of the attorneys and litigants in a cause pending in that court over which it had theretofore properly assumed jurisdiction, and in which cause it had theretofore rendered a judgment, and in which same cause a purported release of judgment was filed. We have no doubt that a trial court has and retains complete authority and jurisdiction to hear and determine matters in any way affecting the enforcement or satisfaction of its own judgments and decrees. Appellant has furnished us with no citations of authorities to the contrary.

In 15 R. C. L. 831, para. 302, we find the following statement of law concerning efforts to set aside satisfaction of judgment:

"On proper grounds an entry of satisfaction of a judgment may be vacated, either by motion or by an independent proceeding for that purpose. When a motion is the procedure adopted, it is a matter for the court to consider rather than a clerk of the court, for the setting aside of the vacation of a judgment is a judicial act, and involves the exercise of a sound judicial discretion. Whatever mode of procedure is pursued to cancel the record of the satisfaction of a judgment, the remedy sought is governed by equitable rules, the ultimate question being whether it is inequitable for the person relying thereon to avail himself of the entry of satisfaction."

Appellant in the trial court sought to set aside the alleged satisfaction of judgment here. It appears to us that the same rule of law would logically be applicable to the motion to obtain the court's approval

of a settlement of the judgment or controversy, as the defendants herein sought. And so we think the trial court had full authority and jurisdiction to inquire into and determine the issues thus presented to it.

The weight of authority seems to support the doctrine that the guardian ad litem may compromise or enter into agreements of satisfaction concerning the rights of the minor litigant with the consent and approval of the court having jurisdiction of the litigation.

In Metzner v. Newman, 224 Mich. 324, 194 N. W. 1008, it is held in paragraph 1 of the syllabus:

"When infant's property rights are involved in litigation, the general guardian or guardian 'ad litem may negotiate for a compromise of the litigation, and, if the court approves it after an examination of the facts, the judgment or decree will bind the infants."

For a comprehensive compilation of further authorities see 33 A. L. R. 98, and notes. Also 14 R. C. L. 288, 'and 5 R. C' L. Permanent Supplement, 3582.

We note that there is grave doubt of the lawful right of the guardian ad litem to receive the proceeds of any judgment rendered in favor of the minor, except in cases where bond is given and recorded. 14 R. C. L. 288, para. 56.

We think there is little doubt that the trial court at the time might have examined the agreement and settlement and satisfaction entered into by the parties in September, 1932, and approved the same upon being satisfied that such 'agreement would promote the best interests of the minor. However, such inquiry and such approval of the agreement here was not had at that time, 'and under the authorities the agreement and satisfaction of judgment was probably not then fully binding upon the parties. We also believe that the payment of the $2,000 to the guardian ad litem was irregular.

The facts 'are, however, that the parties taking an active part in the consummation of the agreement appear, by virtue of the subsequent examination and finding of the court, to have acted in good faith 'and without fraud or connivance. The agreement was fully consummated by the parties in fact, if not in law, and the full amount of the agreed consideration was paid. We think the mere fact that the agreement was not presented to the court for its approval until some considerable time later would not preclude the trial court from examining into the same with equal force and effect 'as if the matter had been presented promptly. True, the court in examining into the matter at a later date may and should take into consideration, in the exercise of its equitable jurisdiction, any harm which might have resulted to the minor by reason thereof. That consideration, however, is of no more importance than other equitable considerations which might enter into the court's determination of the entire matter. And although it may be that the guardian 'ad litem had no legal right to accept the payment of the money and thus satisfy the judgment, we think it quite proper for the trial court, upon a later examination into the matter, to have inquired into the disposition by him of such funds, and if in fact they had been passed on by the guardian ad litem for the lawful use of the minor, that the court in consideration of equitable principles might approve its ultimate lawful and proper use.

And so the trial court here in conducting a complete examination heard the testimony of the mother of the minor, who had his care, control, and custody, to the effect that at the time of the agreement she and her attorney investigated the probability of ultimate success in collecting the full amount of the judgment of $5,000. She testified that at the time the minor was in serious and immediate need of funds for the purpose of procuring medical treatment, which was in fact furnished him through the receipt of the funds. The trial court heard the testimony of the stepfather to the same effect. It also heard the testimony of the attorney for the minor concerning the details of his investigation of the financial standing of the parties liable for the judgment, and as to his services in the conduct of the litigation. All of the testimony would indicate most strongly that all of the parties in any wise connected with the agreement and satisfaction of the judgment acted in the utmost good faith, were fully informed of all of the material facts and conscious of the contingencies, and were at all times thoroughly satisfied with the settlement 'and remained so satisfied at the time of this hearing. The evidence is such that the trial court would not have been justified in concluding that there was any fraud practiced in connection with the transaction, and the evident conclusion of the trial court that the settlement was to the best interests of the minor is supported by the clear weight of the evidence. We therefore find no cause for reversal.

OSBORN, C. J., and PHELPS, CORN, and HURST, JJ., concur.