## GEORGE THATCHER CORPORATION v. BULLEN.

No. 6841.   Decided October 16, 1945.   (162 P. 2d 421.)

See 8 C. J. S., Bankruptcy, sec. 783; 31 Am. Jur., 382.

*J. D. Skeen* and *E. J. Skeen,* both of Salt Lake City, for appellant.

*L. E. Nelson,* of Logan, for respondent.

WADE, Justice.

This is an appeal by the defendant, Russell Bullen, from an order of the First Judicial District Court of Utah setting

aside and vacating a satisfaction of judgment entered on February 10, 1941, in the case of *George Thatcher Corporation* v. *Bullen.* We shall refer to the parties herein as plaintiff and defendant.

This case has been before this court on an appeal by the plaintiff from an order sustaining the demurrer of defendant and dismissing plaintiff's amended petition praying for the vacation of the satisfaction of the judgment involved in that case. On that appeal we reversed the district court with instructions to overrule the demurrer and for such other appropriate proceedings as would be consistent with the opinion of this court. See *George Thatcher Corporation* v. *Bullen,* 107 Utah 310, 153 P. 2d 655, 659.

In compliance with the remittitur from this court, the district court reinstated plaintiff's petition to vacate the entry of satisfaction of judgment in that cause. The defendant's answer to that petition requested the court to set aside the sale of the property involved in the event it vacated the entry of the satisfaction of the judgment and also set up a claim of homestead exemption in said property. Upon motion of plaintiff the court struck from defendant's answer his claim for homestead exemption. It also refused to set aside the sale upon vacating the entry of satisfaction of judgment. These acts of the court are assigned as error by the defendant and appellants herein.

At the hearing upon the petition the court found the facts as stated therein to be true. What those facts are has been fully set out in our former opinion in this case. See *George Thatcher Corporation* v. *Bullen,* supra, and we will not repeat them here except insofar as it will be necessary to an understanding of this opinion. Suffice it to say that defendant had filed a petition in bankruptcy under the provisions of the Frazier-Lempke Act, 11 U. S. C. A. § 203, and in that petition had listed plaintiff as a creditor and the property involved herein as assets of his estate in bankruptcy. In those proceedings the bankruptcy court, with the acquiescence of plaintiff, sold the property. The plaintiff acquiesced in this sale because from defendant's actions

he was led to believe that his judgment would be paid out of the proceeds of the sale. After the sale by the bankruptcy court had been completed and the purchase price paid, the defendant objected to payment being made on plaintiff's judgment on the ground that it was already satisfied. The bankruptcy court was of the opinion that the entry of satisfaction of judgment would have to be vacated before plaintiff could receive its money. We held that under this state of facts, the satisfaction of judgment should be vacated.

The vacation of an entry of satisfaction of judgment is governed by equitable principles. See 31 Am. Jur. on Judgments, Sec. 921. From the facts as disclosed in this case and from defendant's attempts to avoid the payment of a just debt, it would not be equitable to set aside the sale upon vacating the entry of satisfaction of the judgment. As to plaintiff's duty, we can but repeat what we said in our former opinion in this case:

"Where the plaintiff has come into equity seeking to have satisfaction of judgment set aside, we believe we can justly conclude it stands ready and willing to do equity and has released its title and interests in and to the land to the purchaser in bankruptcy proceedings, or is ready and willing to do so."

The court did not err, therefore, in refusing to set aside the sale.

As to defendant's assignment of error with regard to the court's striking from his answer his claim for a homestead exemption, it appears from the record that no such claim was made by him before he was divested of title to the land in question, and it does not even appear that he was married and in a position to make such claim at the time he still retained any interest in the land. The court therefore did not err in striking this claim from his answer.

Affirmed. Costs to respondent.

LARSON, C. J., and McDONOUGH, TURNER, and WOLFE, JJ., concur.