547 P.2d 506

**Richard R. A. ROMERO and Molly M. Romero, husband and wife, Appellants and Cross-Appellees,**

v.

**DeCONCINI McDONALD & BRAMMER, P.C., Appellee and Cross-Appellant.**

**No. 2 CA–CIV 2021.**

Court of Appeals of Arizona,
Division 2.

March 26, 1976.

Clay G. Diamos, Tucson, for appellants and cross-appellees.

DeConcini McDonald Brammer & Yetwin, P. C., by John W. Lovell, Tucson, for appellee and cross-appellant.

## OPINION

HOWARD, Chief Judge.

Appellee was awarded judgment against the appellants in the sum of $12,571.60 for attorneys' fees. Appellants paid appellee the sum of $11,200 and a satisfaction of judgment was entered by appellee. In this appeal appellants contend that there was insufficient evidence to support the judgment in that there was no showing that they personally promised to pay the attorneys' fees.

Appellee cross-appeals, contending the trial court erred in denying its motion to set aside the satisfaction of judgment on the grounds that it was entered by mistake.

■ The testimony of Mr. McDonald fully supports the judgment of the trial court in favor of the appellee and against the Romeros.

■ After entry of the satisfaction of judgment, appellants filed a motion for new trial and appellee filed an opposition to the motion. Appellee also filed a motion to set aside its satisfaction of judgment on the grounds that it understood, when it entered satisfaction of judgment for a sum less than the total amount of judgment, that it was conditioned upon appellants' proceeding no further in any attempt to set aside the judgment or to appeal. This latter motion was unopposed. Appellee claims that the court erred in failing to grant this motion. We agree. There was a failure of consideration for satisfaction of the judgment in any amount over and above the $11,200. A satisfaction of a judgment without consideration as to the balance may be set aside pro tanto. *Kelley v. Kelley*, 290 S.W. 624 (Mo.App. 1927).

The order granting judgment in favor of appellee and against appellants is affirmed,

the appellee's motion to set aside the satisfaction of judgment is vacated and the case is remanded with directions to enter an order setting aside the satisfaction of judgment for all sums over and above $11,200.

KRUCKER and HATHAWAY, JJ., concurring.