Ed ABEL, Sidney A. Musser, Jr., and Malcolm Hall and the Law Firm of Abel, Musser & Sokolosky, Appellants,

v.

Cleta TISDALE, Guardian Ad Litem for Rhonda Sue Tisdale, a minor, and Debra Jean Tisdale, a minor, Appellees.

No. 53273.

Supreme Court of Oklahoma.

Oct. 28, 1980.

Earl D. Mills and Linda G. Alexander, Foliart, Mills & Niemeyer, Oklahoma City, for appellants.

Don Hamilton, Oklahoma City, for appellee.

DOOLIN, Justice:

This case involves a dispute over attorneys' fees, arising from trial court approval of a proposed settlement and modification of suggested fees. Cleta Tisdale's husband was killed in a three vehicle accident in 1975. He was survived by his wife and their two minor daughters. Cleta Tisdale (Tisdale) then hired the Appellants to prosecute the action for the wrongful death of her husband. The fee agreed upon was 10% if the case was settled prior to the filing of a petition; 25% if the case was disposed of prior to an appeal; and 33⅓% if there was an appeal from the verdict.

The case proceeded to trial, and after the presentation of the evidence, the trial judge directed a verdict as to liability in favor of the plaintiffs. The jury then awarded a judgment of $800,000 to the plaintiffs, finding that the defendants, Wheeler Brothers Grain Company, Inc., Acid Engineers, Inc. and Oklahoma Fracturing Company, Inc. were negligent. All defendants appealed. However, while the case was pending on appeal, Acid Engineers, Inc. and Oklahoma Fracturing Company, Inc. settled their portion of the case. The trial judge approved the $350,000 settlement, and awarded a one–third attorneys' fee to be deducted out of the proceeds of the settlement.

The remaining defendant, Wheeler Brothers Grain Company, Inc., continued the appeal. The case was affirmed by Division No. 1 of the Oklahoma Court of Appeals, and a petition for rehearing was later denied. Wheeler Brothers Grain Company, Inc. then applied for a writ of certiorari to the Supreme Court. While the writ was pending, the remaining parties agreed on a proposed settlement, which included life annuities, with a value of $537,484. On January 12, 1979, the trial judge approved the settlement and awarded one third of Tisdale's portion of the settlement as attorneys' fees. However, the trial judge refused to award one third attorneys' fees as to each of the children, and instead ordered a $32,000 attorneys' fee to be paid out of each child's portion of the settlement. (This amount is approximately $27,720 less per child than the ⅓ fee agreed to by Tisdale.)

On February 1, 1979, Tisdale's trial attorney, Appellants herein, filed a petition in error in this court alleging that the trial court had abused its discretion concerning the granting of a fair and reasonable attorneys' fee. The trial judge called a special hearing on February 9, 1979, and appointed Tisdale guardian ad litem for her two minor children. The Court also appointed an attorney to represent Tisdale's minor children in this matter. He further ordered that $12,000 from the fee paid by each child be impounded from the attorneys (appellants), anticipating an appeal by the minors. Because of the appeal which was pending, the trial judge also ordered that $27,720.44 be impounded from each of the two children's funds, should this Court reverse.

A motion to dismiss the appeal was overruled by this Court on June 19, 1979. The parties were realigned, and the original defendants in the tort action below were dismissed from the appeal.[1]

The Appellants' motion and application for the release of funds was argued in the trial court and overruled on July 27, 1979. Subsequently a renewed motion for release of funds, and a petition in error were filed in this Court. The renewed motion for release of funds was denied. We ordered the second petition in error treated as an amendment.

I. Trial Court's Ability to Approve Settlement

Appellants contend that Tisdale was the only proper party to settle this wrongful death action, and thus the trial court's approval of the settlement was not required.

■ A wrongful death action is purely statutory, and the action can only be

---

1. *Tisdale v. Wheeler Bros. Grain Company, Inc.,* 599 P.2d 1104 (Okl.1979).

brought by a person expressly authorized to do so.[2] Although the wrongful death of Mr. Tisdale has injured his two daughters as well as his widow, there is only one cause of action, and that cause of action is vested in his widow or his personal representative.[3] Thus Tisdale was the proper party to bring the suit under 12 O.S.1971 § 1054. However, 12 O.S.1971 § 1053 gives the surviving children a beneficial interest in the recovery.[4]

The power of the courts to protect all interests of minor children has long been recognized and accepted.[5]

It is erroneous to contend that the court has no equitable power to protect the interests of Tisdale's minor daughters simply because they cannot maintain a suit on their own behalf. The children still have a beneficial interest in the suit, and the Court is fully justified in seeking to protect that interest.[6] Further support for the premise that trial courts do have the power to approve settlements where minors are involved is found in the case of *Lambert v. Hill*,[7] where this Court held:

"We have no doubt that a trial court has and retains complete authority and jurisdiction to hear and determine matters in any way affecting the enforcement or satisfaction of its own judgments and decrees." [8]

■ Although previous Oklahoma cases have held that court approval of a settlement is not mandatory,[9] we hold today that in a wrongful death action where minor children have a beneficial interest, court approval of the proposed settlement is necessary. We feel that in so holding we are only following the growing trend of protecting the interests of minor in matters before the court. There is reason to require approbation by the Court where a guardian ad idem has been appointed when statute requires approval when legal guardian is appointed: see 58 O.S.1971 § 804.

## II. Power of the Trial Court to Set Attorneys' Fees where Minors are Involved

■ Appellants' next contention is that even if the trial judge had the authority to approve the settlement, he did not have the authority to disregard the contract for attorneys' fees executed by Tisdale.

Where an infant is suing on his own cause of action, a next friend or guardian ad litem may employ an attorney to conduct the suit, subject to the control of the court.

"It is a well-settled principal (sic) of law that, a guardian cannot make a contract which will bind the person or estate of his ward, unless authorized by a court of competent jurisdiction." [10]

Although the cause of action here does not technically belong to the minor children, we see no reason to treat this case any differently regarding court approval of attorneys' fees. The same interest which is served by requiring court approval of settlements in wrongful death cases involving infant beneficiaries justifies court approval of attorney's fees where minors are concerned. Appellants argue that no direct representation of the minor children was

---

2. *Potter v. Pure Oil Co.*, 182 Okl. 509, 78 P.2d 694 (1938).

3. *Mann v. Minnesota Electric Light & Power Co.*, 43 F.2d 36 (10th Cir. 1930).

4. *Brookshire v. Burkhart*, 141 Okl. 1, 283 P. 571 (1929).

5. *In re Hildebrand's Estate*, 81 Okl. 197, 197 P. 445 (1921); 8 A.L.R.2d 460, Discretion of court to vacate its approval of settlement or release in respect of personal injury to minor.

6. *Harjo v. Johnston*, 187 Okl. 561, 104 P.2d 985 (1940); *In re Estate of Milliman*, 101 Ariz. 54, 415 P.2d 877 (1966).

7. *Lambert v. Hill*, 181 Okl. 225, 73 P.2d 124 (1937).

8. Id., at 227, 73 P.2d at 126.

9. *National Valve & Mfg. Co. v. Wright*, 205 Okl. 571, 240 P.2d 766, 29 A.L.R.2d 1448 (1951).

10. *William Cameron & Co. v. Yarby*, 71 Okl. 79, 80, 175 P. 206, 207 (1918).

ever contemplated. We would point out that the attorneys acted for the widow who appeared in a representative capacity for the children as beneficiaries. We feel the attorneys did represent the children, and they were well aware that a substantial portion of their fee would be deducted from the recovery awarded to the children. The appellants were cognizant of the fact that because of the two minor children, the judgment, if rendered in favor of their client, stood to be larger than if Mrs. Tisdale had been childless.

In a case with almost identical facts as the one before us, *Cappel v. Adams*,[11] the 5th Circuit Court of Appeals upheld the right of the lower court judge to set attorneys' fees for minors, where the father who brought the wrongful death action had contracted with an attorney on a ⅓ contingent fee basis. The Court cited *Garrett v. McRee*[12] with approval, a case out of the United States District Court for the Eastern District of Oklahoma:

"[W]here an attorney recovers a fund in a suit under a contract with a client providing that he shall be compensated only out of the fund he creates, the court having jurisdiction of the subject matter of the suit has power to fix the attorney's compensation and direct its payment out of the fund."[13]

Further justification for allowing the court to set a reasonable attorneys' fee exists because of the contingent nature of the contract. Contingent fee contracts have long been commonly accepted in this country. Many times such contracts are the only means possible for litigants to secure legal services. However, the right to contract for a contingent fee has never been thought to be unrestrained:

"Contingent fee contracts have been especially subject to restriction when the client is a minor, largely because of the obvious possibilities of unfair advantage. Moreover, courts have refused to enforce contingent fee arrangements when the amount of the fee seemed excessive."[14]

We hold that in a wrongful death action, a trial judge must review, and set, if necessary, a reasonable attorney's fee to be assessed against a minor's portion of the settlement proceeds.

### III. Effect of the Approval of the Previous Settlement

Appellants next urge because the trial judge approved the allowance of one–third attorneys' fees on the first approved settlement this constituted an affirmance of the entire contract, forcing the trial court to affirm the one third attorneys' fee for the second settlement. We find this argument to be without merit. It is not supported by persuasive authority, citation, or argument, nor do we know of any, and we will not consider it further.[15]

### IV. Impoundment of the $24,000.00

Appellants further contend that the trial judge had no authority to impound $24,000 from the Appellants' attorneys' fees. This argument was previously disposed of in *Tisdale v. Wheeler Brothers Grain Company, Inc.*,[16] when this Court stated:

"Neither can we find any jurisdictional flaw in that part of the trial court's order dealing with the impoundment of those recovered funds which are likely to be affected by the ultimate decision in this appeal. The power so exercised by the court is clearly incidental and similar in essence to its authority over stay, supersedeas, as well as over temporary adjust-

11. *Cappel v. Adams*, 434 F.2d 1278 (5th Cir. 1970).

12. *Garrett v. McRee*, 201 F.2d 250, 253 (10th Cir. 1953).

13. *Cappel v. Adams*, supra at 1280.

14. Id.

15. *Erwin v. Harris*, 371 P.2d 902 (Okl.1962); *Sunco Mfg. Co. v. Hargrove*, 581 P.2d 925 (Okl. App.1978).

16. *Tisdale v. Wheeler Bros. Grain Co., Inc.*, supra.

ment of custodial rights, spousal or child support or other matters to be effective during the pendency of appeal. These matters, all ancillary to the proceedings on review, are now deemed to lie within the jurisdiction which may be exercised by the district court concurrently and co-ordinately with this court." [17]

### V. Abuse of Discretion

■ Appellants finally contend that the trial court abused its discretion in awarding attorneys' fees of less than one-third of each child's settlement. To reverse a trial court on the ground of abuse of discretion it must be found that the trial judge made a clearly erroneous conclusion and judgment, against reason and evidence.[18]

In determining a reasonable attorneys' fees for services performed on behalf of minors, use of hindsight has been held to be proper, and under this approach the court should not attempt solely to assess the reasonableness of a contingent fee agreement at the time it was entered into.[19]

This proceeding, we note, was equitable in nature. Where fees are computed on the basis of a percentage of the amount of recovery, the larger the recovery, the less should be the percentage.[20]

Although the record contains much testimony regarding the work done and its quality, it is argued the trial judge abused his discretion, as that term is defined herein, in setting the attorneys' fees at $32,000 per child. This figure allowed the Appellants a total fee of almost $71,000 per child (24% of the total value of both settlements). "The judge who heard a case generally is best able to assess reasonable compensation giv-

ing due regard to the rights of both clients and attorneys." [21]

It is the opinion of this court in this case, and we so hold, that an impoundment of attorneys' fees in the amount of $12,000 per child is not supported by the evidence. The trial court's cautious anticipation to protect potential cross-appeals of the minors has proved unnecessary, for appellee filed neither a cross-appeal nor a motion for remittitur. Therefore, the trial court is ordered to release the $24,000 which it had impounded. However, we find it necessary to remand for an evidentiary hearing on the reduction (to $32,000) of attorneys' fees for each child. The record, while containing evidence of the fairness of the contracted fee and the amount of work done by the attorneys, is void of evidence upon which the trial court could base his fee reduction. While the trial court has the authority to reduce a child's attorney fee, such reduction must be supported by evidence; it cannot be arbitrary and must be as a result of an adversary proceeding.

REVERSED IN PART; AFFIRMED IN PART AND REMANDED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, HODGES, BARNES, SIMMS and OPALA, JJ., concur.

---

**17.** Id. at 1106.

**18.** Black's Law Dictionary, 5th Ed., Abuse of Discretion; *Kinnear v. Dennis*, 97 Okl. 206, 223 P. 383 (1924); *Rawls v. State*, 86 Okl.Cr. 119, 190 P.2d 159 (1948).

**19.** *Donnarumma v. Barracuda Tanker Corp.*, 79 F.R.D. 455 (C.D.Calif.1978).

**20.** *Lindy Bros. Bldrs., Inc. of Phila. v. American R. & S. S. Corp.*, 341 F.Supp. 1077 (E.D.Penn. 1972), vacated on other grounds, 487 F.2d 161 (3rd Cir. 1973).

**21.** *Allen v. United States*, 606 F.2d 432, 436 (4th Cir. 1979).