421 So.2d 698 (1982)
FORD MOTOR CREDIT COMPANY, a Corporation, and First Federal Savings and Loan Association of Winter Haven, Appellants,
v.
Robert SIMMONS, Vernon Simmons and Jessie M. Simmons, Appellees.
No. 82-309.
District Court of Appeal of Florida, Second District.
November 5, 1982.
*699 Roy C. Summerlin and Debra L. Cline, of Summerlin, Connor & Braisted, Winter Haven, for appellants.
Stephen F. Baker, Winter Haven, for appellees.
CAMPBELL, Judge.
Appellants seek review of the dismissal of their complaint whereby the circuit court was asked to exercise its equitable jurisdiction to set aside a mistakenly entered satisfaction of a judgment of the county court. We affirm.
On September 24, 1979, the Polk County Court entered final judgment in favor of Ford Motor Credit Company and against Robert, Vernon, and Jessie M. Simmons, for $1,917.84. One month later, the county court clerk issued a writ of garnishment which was served on First Federal Savings and Loan Association of Winter Haven. First Federal then placed a hold on the balance of depositor Robert Simmons' account and responded to the writ by reporting an indebtedness to Robert Simmons of $1,990.74.
On December 5, 1979, the county court entered final garnishment judgment against First Federal and ordered payment of $1,965.61[1] to Ford Motor Credit Company. First Federal complied, and debited Robert Simmons' account. Ford Motor Credit then issued and recorded a satisfaction of this final judgment on December 17, 1979.
Later, depositor Robert Simmons proved that he was not the same Robert Simmons named in the earlier law suit. Accordingly, First Federal reimbursed depositor Simmons for the amount debited earlier.
On April 9, 1981, Ford Motor Credit and First Federal filed a complaint in the circuit court, invoking its equitable jurisdiction to vacate the satisfaction and reinstate the final judgment entered in favor of Ford Motor Credit. The Simmonses filed a motion to dismiss the amended complaint contending, inter alia, that the circuit court *700 lacked subject matter jurisdiction to set aside a satisfaction entered in a county court. The trial judge declined to assert equity jurisdiction and dismissed the amended complaint, saying that there were adequate remedies at law available, and the plaintiffs appealed.
We first must determine if a motion for relief in the original action in the county court pursuant to rule 1.540(b), Florida Rules of Civil Procedure, should have been the exclusive remedy. We have previously held that where relief is provided for by that rule, it is the exclusive remedy available, except for actions based upon fraud upon the court. Erhardt v. Erhardt, 362 So.2d 70 (Fla. 2d DCA 1978). Here, if the plaintiffs could only obtain relief pursuant to the rule, the action would have been barred by reason of the one year limitation on actions for relief based upon mistake or inadvertence.
Rule 1.540(b), Florida Rules of Civil Procedure, provides that a court may grant relief from "a final judgment, decree, order or proceeding" on the ground of mistake, and other specifically enumerated grounds.[2] Although the rule does not clearly include a satisfaction as "a final judgment, decree, order or proceeding" from which relief may be obtained, we believe that it is reasonable to conclude that under the proper circumstances the rule can be used to set aside a satisfaction mistakenly entered. We, therefore, disagree with the decision of the Montana Supreme Court in McGee v. Burlington Northern, Inc., 585 P.2d 1296 (Mont. 1978), in which they interpreted their similar rule as not including a satisfaction of judgment as "a final judgment, decree, order or proceeding" from which relief might be obtained. Our disagreement with this decision illustrates the lack of clarity in the rule. Accordingly, we conclude that because the type of relief sought here is not clearly set forth in the rule, it is, therefore, not the exclusive remedy available to a party seeking removal of a satisfaction mistakenly entered.
We next must determine whether other relief was available that would prohibit the circuit court from exercising its equitable jurisdiction. Every court of law possesses inherent equitable power sufficient to control its own judgments, and this includes power to set aside a satisfaction of one of its own judgments. George Thatcher Corp. v. Bullen, 108 Utah 562, 162 P.2d 421 (1945). This may be accomplished by motion in the original action, Lambert v. Hill, 181 Okla. 225, 73 P.2d 124 (1937), or by an independent action brought specifically for that purpose in the court which entered the judgment. Lambert.
For the above reasons, we conclude that the circuit court lacked jurisdiction in that the plaintiffs have available a means of relief in the county court that rendered the judgment in the original action. Bates v. Hall, 251 Ky. 280, 64 S.W.2d 585 (1933).
AFFIRMED.
GRIMES, A.C.J., and SCHEB, J., concur.
NOTES
[1] This is the sum of the $1,917.84 amount set in the original motion, post-judgment interest of $9.77, post-judgment costs of $6.00, and court costs of $32.00.
[2] Florida Rule of Civil Procedure, rule 1.540(b):

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken.