**ADA MECHANICAL SERVICES, INC.,**
**Plaintiff-Appellee,**

v.

**Robert GOEHRING,**
**Defendant-Appellant.**

**No. 84CA0240.**

Colorado Court of Appeals,
Div. II.

May 2, 1985.

Rehearing Denied May 30, 1985.

Certiorari Granted Oct. 15, 1985.

Certiorari Dismissed as Improvidently Granted Dec. 6, 1985.

Fischer & Wilmarth, Steven G. Francis, Fort Collins, for plaintiff-appellee.

Dean & Martin, Daniel W. Dean, Fort Collins, for defendant-appellant.

KELLY, Judge.

Defendant appeals a trial court judgment which set aside a satisfaction of judgment entered after a sheriff's sale and upheld defendant's subsequent pledge of stock to secure the same judgment. We affirm.

A default judgment was entered against defendant on plaintiff's complaint. During C.R.C.P. 69(d) proceedings, matters were discussed which gave plaintiff's counsel the impression that defendant owned certain real property. Without further investigation, plaintiff's counsel had the trial court issue a writ of execution on that property. It was levied upon, and plaintiff successfully bid the full amount of its judgment on the property at a sheriff's sale. The sheriff thereupon issued a receipt which satisfied the judgment.

Subsequently, it became known to plaintiff's counsel that defendant had never held title to the property which had been seized and sold. Plaintiff then initiated new C.R.C.P. 69(d) proceedings during which defendant pledged certain corporate stock he owned to secure payment of the judgment. However, defendant later became aware of the sheriff's sale and contested the validity of the later C.R.C.P. 69(d) proceedings and the security agreement.

Plaintiff filed motions with the trial court to set aside the sheriff's sale and satisfaction of judgment due to fraud and mistake, and to declare the security agreement valid. The court made no ruling on the issue of mistake and concluded there was no fraud, but set aside the sale and satisfaction and declared the security agreement valid.

On appeal, defendant asserts that the trial court's rulings were erroneous because it failed to find fraud or mistake and lacked authority to base its ruling on what appeared to be estoppel principles. We disagree. While the legal basis of the court's ruling is unclear, the result was correct. *See Klipfel v. Neill*, 30 Colo.App. 428, 494 P.2d 115 (1972).

■ Where property is improperly levied upon, a sheriff's sale based thereon is void. In such cases, an entry of satisfaction based upon the void sale must be set aside. *See Copeland v. Colorado State Bank*, 13 Colo.App. 489, 59 P. 70 (1899).

■ Here, the court had authority only to levy upon property owned by the judgment debtor, the proceeds of sale to be applied towards satisfaction of judgment. *See* C.R.C.P. 69(f). Since defendant had no title to the property executed upon, all subsequent actions pertaining to that property were void. The later collection proceedings were therefore valid, and the court properly set aside the satisfaction of judgment and upheld the security agreement.

Plaintiff's request for sanctions pursuant to C.A.R. 38 is denied.

Judgment affirmed.

BERMAN and VAN CISE, JJ., concur.