785 P.2d 94

**W.F. CONELLY CONSTRUCTION CO., an Arizona corporation, Plaintiff/Appellant,**

v.

**L. HARVEY CONCRETE, INC., an Arizona corporation, Defendant/Appellee.**

No. 2 CA–CV 89–0069.

Court of Appeals of Arizona, Division 2, Department B.

Dec. 21, 1989.

Dickey & Brady by Anne–Marie Brady, Tucson, for plaintiff/appellant.

Baker Sipe, Campoy and Newman by Ronald J. Newman, Tucson, for defendant/appellee.

## OPINION

LACAGNINA, Judge.

W.F. Conelly Construction Co. (Conelly) appeals from an order granting L. Harvey Concrete, Inc.'s (Harvey) motion to dismiss Conelly's petition to set aside a satisfaction of judgment for lack of jurisdiction. Conelly argues the superior court had equitable jurisdiction to set aside the satisfaction of judgment. We agree and reverse.

On September 17, 1986, Conelly filed a complaint for breach of its subcontract agreement with Harvey for concrete work on the minimum security addition to the new county jail. On November 17, 1987, the trial court by minute entry indicated that the parties had reached a stipulation for judgment and that the case had been settled. The parties agreed to the entry of judgment in favor of Conelly in the amount of $190,857, with no execution upon the judgment if prior to November 20, 1987, Harvey settled by payment of cash, assignment of certain beneficial interests in two notes and deeds of trust and by dismissal of two other lawsuits and the satisfaction of another judgment. The parties also agreed that after Harvey satisfied the above requirements, Conelly would provide Harvey with a partial satisfaction of judgment in the amount of $175,857 and would take no action on the balance of the judgment provided that within 60 days Harvey paid Conelly $15,000 in cash, at which time Conelly would deliver a full satisfaction of judgment.

On November 23, 1987, Conelly filed a partial satisfaction of judgment acknowl-

edging receipt of $175,857, and on that same date judgment was entered for $190,857. On January 15, 1988, Conelly filed a satisfaction of judgment acknowledging receipt of $190,857 and indicating that the amount satisfied the judgment in full.

On September 20, 1988, Conelly filed a petition for order to show cause why the satisfaction of judgment entered on January 15 should not be set aside and Conelly be allowed to proceed to execution against Harvey in the amount of $43,163.99. Conelly alleged that the beneficial interest in one of the promissory notes and deeds of trust assigned to Conelly for partial satisfaction was valueless. Conelly alleged that the note had been valued at $49,054. Conelly stated that although payments were made upon the promissory note according to its terms for approximately seven months, on or about May 18, 1988, the note was paid and satisfied in full but no part of the payoff was available to Conelly because of unpaid late charges that had accrued on an underlying note. Because of this, the note had been fully paid and discharged but Conelly had only been paid $5,890.01. Conelly argued the promissory note and deed of trust were represented as a valuable asset reasonably worth their face value and that although Conelly had made a reasonable investigation and inquiry, the unpaid late charges on the note were not disclosed to Conelly. Conelly alleged that this was a material and substantial misrepresentation of the value of the note upon which Conelly gave satisfaction.

Harvey filed a motion to dismiss the petition for lack of jurisdiction claiming that Conelly only alleged misrepresentation as a ground for relief under Ariz.R.Civ.P. Rule 60(c)(3), 16 A.R.S., and that the time had passed for relief under that section. Harvey also claimed that Conelly needed to file an independent action because a satisfaction of judgment extinguishes the judgment for all practical purposes. Harvey stated that it was not the maker of the promissory note, nor did it tender the security in the form of real property which stood behind the note. Therefore, the correct procedure was one in equity for an action against the person who had defaulted on the note and who had no part of this action.

On November 2, 1988, by minute entry the trial court granted the motion to dismiss finding as follows:

1. The cases of *Romero v. DeConcini, McDonald & Brammer,* 26 Ariz.App. 235, 547 P.2d 506 (1976) (satisfaction of judgment without consideration as to the balance may be set aside), and *ADA Mechanical Services Inc. v. Goehring,* 707 P.2d 1034 (Colo.App.1985) (satisfaction of judgment based upon void sale must be set aside), were distinguishable and did not support Conelly's position;

2. The court lacked jurisdiction to hear the order to show cause petition;

3. Rule 60(c) did not provide the procedural remedy for the relief Conelly sought; and

4. Any claim Conelly had must be brought by a separate cause of action.

We reverse because we believe the trial court had jurisdiction to set aside the satisfaction of judgment and that the petition was brought in a timely manner.

### RULE 60(c)

■■■ Initially, we note that the trial court was correct in concluding that Rule 60(c) did not provide the procedural remedy for relief sought by Conelly. The rule allows the court to relieve a party from "a final judgment, order or proceeding." Conelly admits it does not want relief from the judgment; rather, it seeks to have the judgment enforced. A satisfaction of judgment is the discharge of an obligation by payment of the amount due, in this case arising out of a judgment entered against Harvey. It is a document indicating that the judgment has been paid. Black's Law Dictionary at 1204–1205 (5th ed. 1979). However, when, as in this case, that judgment has only been partially satisfied, because of either misrepresentation or failure of consideration, the party seeking to set it aside is not requesting relief from the judgment but rather that the judgment be enforced. Therefore, the procedures under

Rule 60(c) for relief from final judgment or order of the court are not applicable to a petition or motion to set aside a satisfaction of judgment.

## EFFECT OF SATISFACTION OF JUDGMENT

If a satisfaction of judgment is not a judgment or final order, what is the effect of this document on further proceedings?

A satisfaction of a judgment, entered of record by the act of the parties, is prima facie evidence that the creditor has received payment of the amount of the judgment or its equivalent, and *operates as an extinguishment of the debt and a bar to further proceedings* which continue on the theory that the judgment remains a subsisting obligation, *except where the satisfaction was procured by fraud or duress, or without consideration, or on a condition which has not been performed,* or was entered by the clerk without authority to do so. Thus, unless the case comes within such exceptions, no action lies on a satisfied judgment, and no further execution may issue, even with the consent of the parties, until the satisfaction is vacated and a new execution awarded by an order of the court in which the judgment was rendered.

49 C.J.S. *Judgments* § 583 at 1066 (1947) (footnotes omitted; emphasis added).

█ Harvey argues, and the trial court agreed, that acknowledging and satisfying the judgment is a *fait accompli* which cannot be undone without filing an independent action to set aside the satisfaction of judgment. That is not the law in Arizona. Conelly was not required to bring an independent action in order to seek relief. "[O]rdinarily the application to set aside is by motion *in the original action* for an order cancelling the entry or return of satisfaction and directing execution to issue for as much of the judgment as remains unpaid." 49 C.J.S. *Judgments* § 584 at 1069 (emphasis added). This is precisely the relief Conelly sought in this case. In *Romero v. DeConcini, supra,* this court vacated a trial court's denial of a motion to set aside satisfaction of judgment, holding that a satisfaction of judgment without consideration as to the balance may be set aside *pro tanto*. In *Romero*, after entry of satisfaction of judgment, defendants filed a motion for new trial, which plaintiffs opposed, joined with a motion to set aside their satisfaction of judgment. They argued that it was their understanding when entering satisfaction of judgment for a sum less than the total amount of judgment, that it was conditioned upon the defendants' not attempting to set aside the judgment or to appeal. In *Romero* we found there was a failure of consideration and ordered the satisfaction of judgment set aside as part of the original action. *Romero*, therefore, is not, as the trial court noted, distinguishable from this case but rather controls the outcome in this case.

## TIME LIMITATIONS

█ Harvey argues that *Romero* and *ADA Mechanical Services* are distinguishable because in those cases the motions were timely made. In the absence of any specific statute limiting the time for a motion to set aside satisfaction of judgment, the motion must be made within a reasonable time to avoid any claim of laches. 49 C.J.S. *Judgments, supra* at 1069. The statutory limitations for actions to vacate judgments have been held inapplicable to motions to set aside satisfaction of judgment. *See* Annot., 9 A.L.R.2d 553, 572 (1950).

In this case, Harvey has not alleged any detrimental reliance on Conelly's satisfaction of judgment as it relates specifically to the beneficial interest in this deed of trust. Harvey does argue that the settlement agreement cannot now be "undone" because statute of limitations problems prevent the refiling of the two lawsuits dismissed as part of the agreement. Harvey does not make any claim of laches as the result of the eight months between entry of satisfaction of judgment and the petition to set it aside.

█ Conelly claims that the delay was justified because it was only upon full pay-

ment of the note that Conelly discovered, based upon the accrual of late charges, that the note was valueless. In addition, Conelly claims that despite due diligence, it never discovered the existence of late charges. We agree. These facts make the case similar to *ADA Mechanical Services*, where the plaintiff mistakenly believed the defendant had an interest in certain real property and successfully bid on the property in the full amount of the judgment, only to discover that defendant did not in fact have an interest in the property. Although the basis for affirming the setting aside of the satisfaction of judgment was that the property was improperly levied upon, resulting in a void sale, the trial court could have based its decision on a finding of fraud or mistake, as the trial court could have found in this case. In doing so, it would have necessarily found that the motion was timely made. The same is true in this case.

Reversed and remanded for proceedings consistent with this opinion. Conelly's request for attorney's fees is denied.

LIVERMORE, P.J., and FERNANDEZ, C.J., concur.