KNECHT, INC., a New Jersey
Corporation, Plaintiff,

v.

FIRST INDEMNITY OF AMERICA
INSURANCE COMPANY, a New
Jersey Corporation, Defendant.

Civ. A. No. 89C–MY–166.

Superior Court of Delaware,
New Castle County.

Submitted: April 27, 1990.
Decided: May 9, 1990.

William H. Sudell, Jr., and Matthew B. Lehr, of Morris, Nichols, Arsht & Tunnell, Wilmington, and Stanley B. Edelstein of Jacoby, Donner & Jacoby, P.C., Philadelphia, Pa., for plaintiff.

The corporation defendant is unrepresented.

## OPINION

GEBELEIN, Judge.

Before the Court for decision is plaintiff's motion to set aside a satisfaction of judgment entered on the records of this Court, September 28, 1989. The factual basis for this motion indicates that a default judgment was entered in plaintiff's favor on August 17, 1989 against defendant, First Indemnity of America Insurance Company, the bonding company for Space Engineering Mechanical Corp. The amount of the judgment was for $88,-732.27.

On or about September 27, 1989 an individual, a purported principal of Space Engineering, appeared at plaintiff's offices to obtain relief from the judgment. He agreed in writing that the judgment would be satisfied in installments; but required that immediate removal of the judgment be accomplished in order that Space Engineering could perform on other contracts, and be bonded by defendant herein. Upon payment of the initial installment, $30,000, the judgment was satisfied. No further payments were ever received.

The current motion and affidavit were filed and notice was given to the defendant bonding company. As in the initial proceeding the defendant has not chosen to appear in this Court or offer any defense to this motion.

There appears to be no reported decision in Delaware with respect to the jurisdiction of a court to set aside a satisfaction of its own judgment. There is, however, authority in other jurisdictions for the relief sought by plaintiff's motion. *Romero v. DeConcini, McDonald and Brammer*, 26 Ariz.App. 235, 547 P.2d 506 (1976) and *Knaak v. Brown*, 115 Neb. 260, 212 N.W. 431 (1927).

In particular, the Nebraska Supreme Court in *Knaak*, likened a satisfaction to a receipt and stated:

... in case of absence or failure of consideration, the entry [of satisfaction]

may be vacated.... *Id.* 212 N.W. at 434.

In *Romero, supra,* the Arizona Court of Appeals reversed a trial court that had refused to set aside a satisfaction where a partial payment had been received, but the remaining judgment amount was not paid. The Court held that the satisfaction of judgment without consideration could be set aside *pro tanto.*

As in *Romero,* the satisfaction in this Court was entered based upon a partial payment. The remaining monies remain unpaid.

 The Court is convinced that pursuant to Superior Court Civil Rule 60(b)(6) it has the jurisdiction to set aside a satisfaction of judgment upon absence or failure of consideration. In this case $30,000 was paid on the judgment; and $58,732.27 remained to be paid. The satisfaction of judgment is set aside *pro tanto.* Judgment shall be reinstated for the plaintiff in the amount of $58,732.27.

IT IS SO ORDERED.