945 P.2d 1295

**Bradley BREWER and Aileen Brewer, husband and wife, Plaintiffs/Appellants.**

v.

**Howard GERSON, an unmarried man, Defendant/Appellee.**

No. CV–97–0113–PR.

Supreme Court of Arizona,
En Banc.

Oct. 16, 1997.

Robert Douglas Little, P.C. by Robert Douglas Little, Tucson, for Plaintiffs/Appellants.

Law Offices of Robert Hooker by Robert Hooker, Myrna Rodriguez, Tucson, for Defendant/Appellee.

## OPINION.

JONES, Vice Chief Justice.

We are asked to decide whether filing and recording a satisfaction of judgment is a voluntary dismissal of a cause of action where, before filing the satisfaction, the judgment itself had been set aside by court order. We have jurisdiction pursuant to Arizona Constitution article VI, section 5(3), Arizona Rule of Civil Appellate Procedure 23, and Arizona Revised Statutes section 12–120.24.

## Factual and Procedural Background

On June 8, 1994, Aileen and Bradley Brewer, in an action for harassment, obtained a money judgment by default against Howard Gerson, Aileen's former husband. The default judgment was recorded in the office of the Pima County Recorder, thereby creating a judgment lien against any real property owned by Gerson in Pima County. Upon Gerson's motion, however, the trial court vacated and set aside the judgment on July 28, 1994. Thereafter, a parcel of real estate from the community property of Gerson and Aileen Brewer was being liquidated. The title insurance company handling the escrow was concerned about potential liens on Gerson's assets, and, aware of the judgment lien, required formal documentation that the default judgment against Gerson had been set aside or the lien removed. The Brewers' counsel first provided the title company with a certified copy of the trial court's minute entry of the order vacating and setting aside the judgment. The title company deemed this insufficient for their purposes and demanded instead a satisfaction of judgment. Accordingly, the Brewers executed and filed a document titled "a satisfaction of that particular judgment" which read:

Plaintiffs hereby give notice that the Judgment rendered in this matter on June 8, 1994, and thereafter recorded in the offi-

cial records of the Pima County Recorder's Office, in Docket No. 9815, and Page 544, has been and is fully satisfied.

Because the title company and Gerson were fully aware that the default judgment had been set aside, the Brewers assumed that the filing of the "satisfaction" could have no legal effect on the harassment action. The Brewers miscalculated, however, because Gerson sought advantage, moving to dismiss the action and arguing that the recorded satisfaction of judgment resolved all claims against him. The trial court agreed and dismissed the action with prejudice. The court of appeals affirmed in a memorandum decision.

## Discussion

█ We begin by observing that a recorded satisfaction of judgment generally signals the end of a cause of action.

A satisfaction of judgment, entered of record by the act of the parties, is prima facie evidence that the creditor has received payment of the amount of the judgment or its equivalent, and operates as an extinguishment of the debt. A satisfaction of judgment also stops the accrual of post-judgment interest.

The filing of a satisfaction of judgment places a limitation on the court's jurisdiction to conduct further proceedings on the issue in question. An entry of satisfaction is a bar to further proceedings which continue on the theory that the judgment remains a subsisting obligation, except where the satisfaction was procured by fraud, mistake, or duress, or without consideration. Thus, unless the case comes within such exceptions, no action lies on a satisfied judgment. The filing of a satisfaction of judgment is and should be the mark of finality.

50 C.J.S. Judgments § 689 (1997) (footnotes omitted). *See also W.F. Conelly Constr. v. L. Harvey Concrete*, 162 Ariz. 574, 576–77, 785 P.2d 94, 96–97 (App.1989). Following this rule of law, the court of appeals conclud-

ed that despite the Brewers' disavowal of any intention of declaring to the world that the judgment had actually been satisfied, this was the precise effect of their execution and filing of the "satisfaction of judgment." Memorandum decision at 2. Accordingly, the court affirmed the trial court's finding that the Brewers' filing of the satisfaction amounted to an involuntary dismissal with prejudice.

Gerson contends that if a satisfaction of judgment could be recorded and yet not extinguish a cause of action, the concept of notice would be rendered meaningless. He argues that a finding that the cause of action survived the filing of a satisfaction would cause uncertainty and unpredictability as to the effect of a satisfaction of judgment.

■ While we agree that finality must attach to judgments, *Richas v. Superior Court,* 133 Ariz. 512, 514, 652 P.2d 1035, 1037 (1982), Ariz. R. Civ. P. 58(a), we find no support for the proposition that a recorded judgment or satisfaction of judgment must prevail in every instance. In this case, for example, we fail to see how a satisfaction may stand in the face of a judgment that, by court order, had been previously vacated and set aside. An attempt to satisfy a non-existent judgment is, effectively, a legal nullity. The Brewers thus lacked the ability to satisfy, and, correspondingly, there could be no resulting benefit to Gerson. On this record, therefore, we cannot approve the court of appeals' conclusion that the filing of the satisfaction worked an "involuntary dismissal with prejudice."

We note further that even had this judgment not been vacated, we discern two sound bases on which to disapprove the court of appeals decision. First, the record indicates that the satisfaction lacked consideration. Memorandum decision at 2. Second, to uphold dismissal of the harassment claim, if otherwise valid, would work an unacceptable inequity.

■ In *Connelly,* 162 Ariz. at 577, 785 P.2d 94, and *Romero v. DeConcini Mc-Donald & Brammer,* 26 Ariz.App. 235, 235,

547 P.2d 506, 506 (1976), the court of appeals held that a satisfaction of judgment without adequate consideration may be set aside pro tanto. We agree, and point to the case at bar as an example where such relief is fully justified. Here, a claim that had been adjudged at a value of $85,000 was dismissed as a result of the recorded satisfaction. Judgment and Minute Entry of June 8, 1994. The Brewers assert, and Gerson does not rebut, that the satisfaction was given without consideration. On this basis and under these facts, the satisfaction cannot stand.

■ In recognizing here a narrow exception to the general rule of finality, we are also persuaded that our decision is compelled by equity. "A satisfaction of judgment which has been filed and entered may, for proper cause, be vacated or altered in the exercise of sound judicial discretion. The vacation of an entry of satisfaction is governed by equitable rules." 47 Am.Jur.2d § 1040 (1995). *See also George Thatcher Corp. v. Bullen,* 108 Utah 562, 162 P.2d 421, 422 (1945). As noted, Gerson knew that the default judgment against him had been vacated by the trial court and was on notice that the Brewers filed the satisfaction for the sole purpose of accommodating the liquidation of Gerson's and Aileen Brewer's assets pursuant to their dissolution decree. The record is clear that Brewers never intended the satisfaction to affect the harassment suit, but instead filed it merely as an ill-advised device to appease the title insurer. Brewers could just as easily have achieved their objective simply by providing the title insurer a release of the judgment lien properly executed for the purpose of recordation. This would have been entirely consistent with the action by the court setting aside the default judgment and would not have disturbed the underlying claim against Gerson.

■ Moreover, we recognize that "[a] court may refuse to exercise its equitable power to vacate an entry of satisfaction where an innocent third party has relied on the recorded satisfaction, or where the right of a third party has otherwise intervened." 47 Am.Jur.2d § 1042. Under any analysis, this would not be the case here. Gerson is not a bona fide purchaser and is not an innocent third party. He had full knowledge of the purpose of the satisfaction and did not

rely thereon to his detriment, but rather benefitted from it to the extent that it facilitated the sale of his and Aileen Brewer's community property. Thus, we find that to allow the dismissal of Brewers' complaint would work an unacceptable inequity.

### Disposition

The Brewers' satisfaction was unsupported by consideration and for obvious equitable reasons was ineffective against a previously vacated judgment. We therefore vacate the court of appeals' memorandum decision and remand the case to the trial court with instructions to reinstate the complaint against Gerson.

ZLAKET, C.J., and MOELLER and MARTONE, JJ., concur.

NOTE: Honorable STANLEY G. FELDMAN recused himself in this case and did not participate in the determination of this matter.