OSCN Found Document:NICHLOS v. STATE OF OKLAHOMA

 

 
 NICHLOS v. STATE OF OKLAHOMA2025 OK CIV APP 35Case Number: 122309Decided: 10/03/2025Mandate Issued: 10/30/2025THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2025 OK CIV APP 35, __ P.3d __

 

SHANE NICHLOS, Petitioner/Appellant,
vs.
THE STATE OF OKLAHOMA, Respondent/Appellee.

APPEAL FROM THE DISTRICT COURT OF
STEPHENS COUNTY, OKLAHOMA

HONORABLE BRENT G. RUSSELL, TRIAL JUDGE

REVERSED AND REMANDED

 

Michael A. Risley, MICHAEL A. RISLEY, ATTORNEY & COUNSELOR AT LAW PLLC FIRM, Oklahoma City, Oklahoma, For Petitioner/Appellant,

Charles L. Sifers, Kaegan T. Clark, ASSISTANT DISTRICT ATTORNEY, Duncan, Oklahoma, For Respondent/Appellee.

BARBARA G. SWINTON, JUDGE:

¶1 Petitioner/Appellant Shane Nichlos appeals from an order denying his request to be removed from the Oklahoma Sex Offender Registry. Appellant argues that he met the statutory criteria pursuant to 57 O.S. § 583

¶2 In 2013, Appellant was serving in the military in Japan where he had downloaded hundreds of pornographic images to an external hard drive. Within his files were two images of victims under the age of eighteen. Appellant was subsequently charged and convicted of possession of child pornography. He was sentenced to four months in military custody and was discharged later that year. When he returned to Oklahoma, he began registering as a Level One non-aggravated and non-habitual sex offender on October 4, 2013 pursuant to the Oklahoma Sex Offenders Registration Act (the Act or SORA), 57 O.S. §§ 581

¶3 On January 23, 2024, Appellant filed a petition for removal from the Oklahoma Sex Offender Registry pursuant to 57 O.S. § 583

¶4 A hearing was held on June 4, 2024. Counsel for Appellant argued that the statute under which Appellant sought relief had two criteria: that he has been registered for ten years, and that he has not had a felony or misdemeanor arrest or conviction during his registration. Appellant testified, describing the circumstances which led to his conviction, and the process he goes through for registration. He explained that he is required to have supervision when visiting with his niece, that his registration has impacted his brother's custody arrangements, and that he would like to be closer to his family but keeps to himself so that no one gets in trouble. He also explained that he is required to renew his driver's license, which notes his status as a registered sex offender, every year. After considering argument and testimony, the trial court concluded that despite Appellant's continued good behavior, there was no disruption to Appellant's life other than the "embarrassment or inconvenience" of having to register. The trial court denied Appellant's application in an order dated June 4, 2024. Appellant appeals from this order.

¶5 The facts of this case are not disputed. The appeal presents a review of the district court's application of a statute which we review de novo. McIntosh v. Watkins, 2019 OK 6441 P.3d 1094Manley v. Brown, 1999 OK 79989 P.2d 448State ex rel. Tal v. Oklahoma City, 2002 OK 9761 P.3d 234Abel v. Tisdale, 1980 OK 161619 P.2d 608

¶6 The statute under which Appellant applied for deregistration is 57 O.S. § 583

Any person assigned a level of one who has been registered for a period of ten (10) years and who has not been arrested or convicted for any felony or misdemeanor offense since being released from confinement, may petition the district court in the jurisdiction where the person resides for the purpose of removing the level designation and allowing the person to no longer be subject to the registration requirements of the Sex Offenders Registration Act.

There is not a significant amount of legislative direction or case law addressing this section, and we find that the issue before us is one of first impression. Appellant argues that the trial court's findings are insufficient to sustain a denial of a request under 57 O.S. § 583Starkey v. Oklahoma Department of Corrections, 2013 OK 43305 P.3d 1004

¶7 The statute at issue is not lengthy -- it does not include enumerated factors to be weighed to determine whether a petitioner should be granted his or her request for removal from SORA registration. The parties on appeal disagree as to how much discretion is afforded to the trial court in this determination. Appellant argues that the words of the statute are plain, and that the predicates to qualifying for removal from registration are enumerated: a level one designation; and ten years of registration with no arrests or convictions. On the other hand, the State argues that the trial court is empowered with "broad discretion" to determine whether removal from the registry is warranted, and that the requirements under the statute are "minimum eligibility requirements." However, the language of the statute does not wholly support either conclusion. 

¶8 Based on the language in the statute, the trial court should have first determined whether Appellant met the specific criteria listed: whether he had been registered under a level one designation for ten years with no arrests or convictions. 57 O.S. § 583

¶9 However, we find that the trial court then has discretion to determine whether it is appropriate for Appellant to be relieved of the registration requirements pursuant to the policy goals of the Sex Offenders Registration Act, 57 O.S. §§ 581et seq. Although the statute does not enumerate factors to be considered, we can glean several important considerations from the Act's other provisions and applicable case law. The Act was designed to protect the public from the danger of recidivism and aid law enforcement officials in identifying and alerting the public when necessary for protecting public safety. 57 O.S. § 581Id. However, under this statutory scheme, the state is required to determine the level of risk of the person to the community pursuant to 57 O.S. § 582.1

¶10 In considering what is proper with respect to an application to be removed from SORA registration, the court in its exercise of discretion should consider the totality of the circumstances before it. This includes the public policy underlying the Act, including a public safety analysis, weighed with the disruption to the applicant's life incurred from the registration requirements. The trial court should consider any continuation of the behavior underlying the original conviction, but should also consider whether the behavior is in fact legal. We note here the important distinction between legal but less "desirable" activity versus the illegal, inappropriate behavior which led to the punishment in the first place. For example, in the case herein, the trial court appeared to have considered that Appellant still viewed pornography. A totality of the circumstances analysis could include inquiry into the character, frequency, and nature of the content. No such evidence was presented to the court in this case. Additionally, the trial court's consideration of the fact that Appellant was "just four years away" from no longer having to register is not a sufficient basis for denial, given that anyone applying under this section would be within a five-year window.

¶11 The trial court is also instructed to consider the punitive implications of SORA registration as set forth in Starkey v. Oklahoma Department of Corrections, 2013 OK 43305 P.3d 1004Starkey, the Oklahoma Supreme Court addresses the retroactive extension of an offender's registration length, considering the punitive nature of certain amendments to SORA. Following a detailed analysis of the impact of the statute's requirements, the court determined that SORA's effects are punitive. 2013 OK 43305 P.3d 1004Starkey. Id. at ¶ 63. 

¶12 Based upon our review of the record and applicable law, we find that the trial court failed to make findings on whether Appellant met the criteria under 57 O.S. 583 (E). The order is reversed, and the trial court is directed to conduct a hearing to determine whether the Appellant's request to be removed from the requirement to register should be granted, with findings consistent with this opinion.

¶13 REVERSED AND REMANDED.

GOREE, P.J., concurs and PRINCE, J., dissents.

PRINCE, J., dissenting:

¶1 I respectfully dissent. I have two disagreements with the Majority Opinion. I would hold that the "two-step process" outlined by the Majority Opinion for a decision under 57 O.S. § 583

FOOTNOTES

See case number 121,351.

Donaldson v. City of El Reno, 2025 OK 9565 P.3d 346Starkey as well as the instant case for purposes of the issue before us. Donaldson addressed the issue of whether residency restrictions under a specific provision of SORA were punitive. See ¶ 26.