**OKLAHOMA TURNPIKE AUTHORITY,**
a body corporate and politic,
Appellant,

v.

**James Rex NEW and Debra L. New,**
husband and wife, and New Family
Partnership, Appellees.

No. 77769.

Supreme Court of Oklahoma.

April 6, 1993.

As Amended on Grant of Rehearing for
Limited Purpose June 1, 1993.

G. Lawrence Fox Tulsa, for appellant Oklahoma Turnpike Authority.

Hilborne & Weidman by Thomas G. Hilborne, Jr., Tulsa, Logan, Lowry, Johnston, McGeady, Curnutte & Logan by Leonard M. Logan, IV, Vinita, for appellees.

HODGES, Chief Justice.

The Oklahoma Turnpike Authority (OTA) brought a condemnation action against the appellees (landowners) to acquire land for the Cherokee Turnpike. The court-appointed commissioners determined $13,500 to be the just compensation for the property taken by OTA. Landowners timely demanded a jury trial. The jury awarded the landowners compensation of $135,000 for the land.

Landowners applied to the trial court for reimbursement of attorney fees, appraisal fees, engineering fees, expert witness fees, and costs incurred in the litigation. After an evidentiary hearing to determine the reasonableness of the fees, the trial court awarded the full amount requested.

OTA appealed challenging (1) the award of attorney, appraisal and engineering fees and (2) the award of costs and expenses of the litigation. On appeal OTA does not challenge the jury's award of $135,000 in compensation.

■ The right to recover attorneys' fees or costs in a condemnation proceeding, like other proceedings, must be provided by statute. *Gaylord v. State ex rel. Dep't of Highways*, 540 P.2d 558, 562 (1975). OTA argues that there is no statutory authority for awarding fees and costs against it in condemnation proceedings. Specifically, OTA argues that section 1708 of title 69 of the Oklahoma Statutes governs its condemnation proceedings, that section 1708 is exclusive, and that section 1708 does not provide landowners the right to recover fees and costs. Landowners cite several statu-

tory provisions which they argue apply to condemnation proceedings brought by OTA.

I. Exclusivity of title 69, section 1708.

■ Section 1721 of title 69 provides: "This Article [Article 17: Turnpikes] shall be deemed to provide an additional and alternative method for the doing of the things authorized thereby, and shall be regarded as supplemental and additional to powers conferred by other laws, and shall not be regarded as in derogation of any powers now existing...." Section 1721 specifically states that OTA is bound by germane statutory provisions outside of title 69. Therefore, section 1708 is not an exclusive provision for awarding costs and fees against OTA, and other statutory provisions regarding condemnation proceedings are applicable to the OTA.

II. Attorney, appraisal and engineering fees.

■ Section 11 of title 27 is a provision which is applicable to the OTA. It provides for reimbursement to a landowner of "reasonable attorney, appraisal and engineering fees, actually incurred because of the condemnation proceedings" when the jury's award exceeds the court-appointed commissioners' award by ten percent. Section 9 makes section 11 applicable to condemnation proceedings for projects which use federal, state, or local funds. *See* Okla.Stat. tit. 27, § 9 (1991).[1] Because OTA falls within these provisions, *see* Okla.Stat. tit. 69, § 1703(a) (1991)[2], and the jury award in this case was more than ten percent above the court-appointed commissioners' award, OTA is liable for the landowners' reasonable attorney, appraisal and engineering fees.

---

**1.** Okla.Stat. tit. 27, § 9 (1991) provides:

The provisions of this act shall be applicable to the acquisition of real property under the laws of this state for public use in any project or program in which federal, state or local funds are used.

**2.** Okla.Stat. tit. 69, § 1703(a) (1991) provides:

[OTA] is hereby constituted an instrumentality of the State, and the exercise by the Authority of the powers conferred by this Act in the construction, operation, and maintenance of turnpike projects shall be deemed and held to be an essential governmental function of the State with all the attributes thereof.

III. Expert witnesses fees.

■ In addition to the fees allowed in section 11 of title 27, section 55 of title 66 allows for reimbursement of expert witnesses' fees when the jury award exceeds ten percent of the court-appointed commissioners' award, as it does in this case. The application of section 55 to OTA is based on section 57 of title 66. Section 57 denotes which entities are covered by title 66 and provides:

> The provisions of this article with reference to eminent domain shall apply to all corporations having the right to eminent domain, and shall apply to the State of Oklahoma and its various education, reformatory, penal and eleemosynary institutions, including departments of state having the power to purchase real property for public purposes, and such institutions and departments shall have the right under this article to acquire fee simple title to the property taken.

Section 57 has remained unchanged since 1929.

OTA recognizes that this Court has previously applied section 55 to it in *Oklahoma Turnpike Authority v. Dye*, 208 Okl. 396, 256 P.2d 438, 442 (1953), and *Kelly v. Oklahoma Turnpike Authority*, 269 P.2d 359, 364 (Okla.1954). OTA argues that these cases are not controlling after the amendment to section 55 providing for reimbursement of the landowners' attorney, appraisal, engineering and expert witness fees.

Although section 55 has been amended since its application to OTA in 1953, the legislature has not excluded OTA from its purview. Because the legislature has not excluded OTA from the umbrella of title 66, specifically section 55, we must presume that the legislature is in agreement with this judicial interpretation. *See Fenwick v. Oklahoma State Penitentiary*, 792 P.2d 60, 63 (Okla.1990); *Lekan v. P & L Fire Protection Co.*, 609 P.2d 1289, 1292 (Okla.1980). Therefore, in addition to the fees allowed by section 11 of title 27, OTA is liable for expert witness fees pursuant to section 55.

IV. Costs.

■ OTA argues that the trial court ordered that the landowners be reimbursed for the expenses incurred by the attorneys, the appraisers, the engineer, and the expert witness and that these expenses are costs and not recoverable. A review of the record shows that the trial judge included these expenses as part of the award. These expenses included copying, mileage, long distance telephone calls, telefax expenses, and postage. These expenses are part of the overhead of the provider and are not recoverable as costs and should not have been allowed. *See Sunrizon Homes, Inc. v. American Guaranty Investment Corp.*, 782 P.2d 103, 109 (Okla.1988).

■ We held in *Oklahoma Urban Renewal Authority v. Lindauer*, 534 P.2d 682, 684–685 (Okla.1975), where a party receives a jury verdict in a condemnation case in excess of the commissioners' award that party is entitled to recover costs of the jury trial based on interpretation of sections 55 and 56 of Title 66. In that such provisions are applicable here landowners were entitled to recover the $50.00 in court costs. On remand, the trial court is to enter an award of attorney fees and costs consistent with this opinion.

V. Post-appeal attorney fees.

■ Landowners have filed a motion for reimbursement of appeal-related attorney fees. "Whenever there is statutory authority to award attorney fees in the trial of a matter, additional fees may be allowed (to the prevailing party) for legal services rendered in the appellate court." *Sisney v. Smalley*, 690 P.2d 1048, 1051 (Okla.1984). Here section 11 of title 27 and section 55 of title 66 provide the statutory basis for the award of attorney fees below.

The landowners are entitled to appeal-related attorney fees. The landowners' Motion to Award Counsel Fees for Appeal-Related Services is granted, and, on remand, the trial court is authorized to conduct an adversary hearing to determine the amount of that fee and to assess it against OTA.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

All the Justices concur.