The **OKLAHOMA TURNPIKE AUTHORITY**, Appellant,

v.

Kenneth Wayne **COCKRELL** and Carol Lynnette **Cockrell**, Appellees.

No. 80030.

Supreme Court of Oklahoma.

Sept. 21, 1993.

## ORDER

Gable & Gotwals by Richard W. Gable, Hilborne & Weidman by Thomas G. Hilborne, Jr., Pickard & Miller by Randall S. Pickard, Tulsa, for appellant Oklahoma Turnpike Authority.

Logan & Lowry by Leonard M. Logan, IV and Donna L. Smith, Vinita, for appellees.

HODGES, Chief Justice.

The Oklahoma Turnpike Authority (OTA) brought a condemnation action against the appellees (Landowners). OTA then filed a motion to abandon and dismiss the proceedings which the trial court granted. Landowners appealed, and the Court of Appeals affirmed the dismissal. Thereafter, Landowners filed a motion for attorneys, appraisal, engineering and expert witness fees in the trial court. Landowners requested $16,239.35 in attorneys fees, $1000.14 in litigation costs, $2420.00 in appraisal fees, and $303.80 in engineering fees. The trial court awarded "$7,410.00 attorney fees (Logan & Lowry), $2,520 dollars appraisal fees (Don Wilson), and $303.80 dollars engineering fee (Tri–State Engineering) all of which include services rendered and expenses incurred prior to the date of dismissal of this action."

OTA appealed raising the following issues in its Petition in Error: (1) Whether the OTA is subject to assessment for attorneys fees, appraisal fees, and expert witness fees when a condemnation action is dismissed; and (2) Whether the OTA is subject to assessment for the costs and expenses of litigation.

■ The OTA presents the same basic argument as it presented in *Oklahoma Turnpike Auth. v. New,* 853 P.2d 765 (Okla.1993). In *New,* OTA appealed a ruling that assessed attorneys fees, engineering fees, appraisal fees, litigation costs, and court costs against it. OTA argued that there was no constitutional, statutory, or contractual basis for assessing fees against the OTA in condemnation proceedings. This Court held that OTA was subject to assessment of attorneys, appraisal, and engineering fees in condemnation proceedings pursuant to Okla.Stat. tit. 27, §§ 9, 11 (1991), when the jury award exceeded the court-appointed commissioners' award by ten per cent or more. However, this Court held that litigations costs were not recoverable as a separate item because they were part of the overhead of the provider.

Title 27, section 11 not only provides that reasonable attorneys, appraisal and engineering fees may be assessed against OTA in condemnation proceedings when the jury award exceeds the court-appointed commissioners' award by ten per cent or more, it also provides for such an award when the condemnation proceeding is abandoned as it was in this case. Because section 11 applies to OTA and allows for the award of attorneys, appraisal, and engineering fees when the proceedings are abandoned, the trial court had the authority to assess such fees against OTA in the present case.

■ OTA also argues that the trial court lacked authority to assess litigation expenses against it. However, the record does not show that the trial court assessed such expenses against it. The judgment awards $7410.00 in attorneys fees which includes "expenses incurred prior to the date" of the dismissal. The dismissal was filed on April 24, 1990.

At the time of the dismissal, the records show that the attorneys had expended 70.85 hours on the case. The parties stipulated the attorneys would testify to the reasonableness of their fees.

Dividing the $7410.00 award by 70.85 hours shows that the hourly fee assessed was $104.59. We cannot say that this hourly fee was unreasonable. Further, the trial court correctly stated that the litigation expenses were included in the attorneys fee.

OTA did not explain how it reached the conclusion that litigation costs were assessed against it. Based on the record, this Court does not agree with this conclusion.

■ Landowners have filed a motion for reimbursement of appeal-related attorneys fees. "Whenever there is statutory authority to award attorney fees in the trial of a matter, additional fees may be allowed (to the prevailing party) for legal services rendered in the appellate court." *Sisney v. Smalley,* 690 P.2d 1048, 1951 (Okla.1984). Here section 11 of title 27 provides the statutory basis for the award of attorneys fees below. Thus, the Landowners are entitled to appeal-related attorneys fees.

Because the trial court properly assessed reasonable attorneys, appraisal, and engineering fees against OTA and rejected an assessment separate from the attorneys fees for litigation expenses, the trial court is affirmed. On remand, the trial court is authorized to conduct an adversary hearing to determine the amount of the appeal-related attorneys fees and to assess it against OTA.

AFFIRMED; REMANDED WITH INSTRUCTIONS.

All the Justices concur.