The **OKLAHOMA TURNPIKE AUTHORITY**, Appellant,

v.

**David L. LITTLE and Sue Ann Little**, Appellees.

**No. 76923.**

Supreme Court of Oklahoma.

Sept. 28, 1993.

District of Columbia.

---

**6.** We note that the Uniform Commercial Code has been adopted in all fifty states and the

Gable & Gotwals by Richard W. Gable, Hilborne & Weidman by Thomas G. Hilborne, Jr., Tulsa, for appellant.

Logan, Lowry, Johnston, McGeady, Curnutte & Logan by J. Duke Logan and Donna L. Smith, Vinita, for appellees.

HODGES, Chief Justice.

Appellant, Oklahoma Turnpike Authority (OTA), appealed an order of the District Court of Mayes County which awarded certain fees and costs to the appellees, David L. Little and Sue Ann Little (Landowners). Landowners counter appealed. The order was part of a condemnation action brought against Landowners to acquire land for the Cherokee Turnpike. The court-appointed commissioners determined $50,000 to be just compensation for ten acres which included the Landowners' residence. Landowners demanded a jury trial, and the jury returned a verdict of $90,000.

Landowners filed an Application for Assessment of Litigation Expenses seeking reimbursement for attorney fees, expert witness fees, engineering fees, appraisal fees and litigation expenses in the amount of $39,467.31; OTA objected. Following an evidentiary hearing, the court assessed attorney fees of $28,517, appraisal fees of $9,802 and court costs of $50 against OTA but denied the request for litigation expenses in the amount of $1,392.82, and denied the expert witness fees associated with the hearing on attorney fees.

OTA appealed raising four errors in its Petition In Error: (1) The trial court erred in finding that attorney fees, engineering fees and appraisal fees are assessable against OTA in condemnation proceedings; (2) The trial court erred in awarding attorney fees and expert witness fees for travel and flying time; (3) The trial court erred when it assessed unreasonable appraisal fees against OTA; and (4) The trial court erred by assessing prejudgment interest against OTA. Landowners filed a counter appeal objecting to the trial court's denial of litigation expenses and denial of expert witness fees incurred during the hearing on attorney fees. The OTA's fourth as-

signment of error will be treated as waived because it was not argued in the briefs. *See Messler v. Simmons Gun Specialties, Inc.*, 687 P.2d 121, 129 & n. 11 (Okla.1984).

## I.

In *Oklahoma Turnpike Auth. v. New*, 853 P.2d 765 (Okla.1993), this Court held that OTA was subject to assessment of attorney, appraisal, and engineering fees and court costs in condemnation proceedings pursuant to Okla.Stat. tit. 27 §§ 9, 11 (1991), when the jury award exceeded the court-appointed commissioners' award by at least ten per cent. However, this Court held that litigation costs were not recoverable as a separate item because they were part of the overhead of the provider.

Under *New*, Landowners in the present case can recover attorney, appraisal, engineering, and expert witness fees as well as court costs but cannot recover litigation expenses. Thus the remaining issues are: (1) whether the trial court abused its discretion by allowing the attorneys to recover travel and flying time, (2) whether the appraisal fees are reasonable, and (3) whether the trial court erred in denying the expert witness fee of Mr. Bill Scarth who testified during the hearing on attorney fees.

## II.

In determining whether attorney fees are reasonable, the standard of review established in *Abel v. Tisdale*, 619 P.2d 608 (Okla.1980), requires the Supreme Court to affirm the trial court's decision unless the Court finds an abuse of discretion. To reverse on the grounds of an abuse of discretion, "it must be found that the trial judge made a clearly erroneous conclusion and judgment, against reason and evidence." *Id.* at 612.

OTA objects to the billable hours for aerial photography and travel time. Mr. J. Duke Logan, Landowners' attorney, testified that it was necessary to use attorneys instead of a regular aerial photographer because of the theories advanced during the trial. He also testified that trial attorneys rather than photographers were

in a better position to take these pictures because of their knowledge of condemnation law and the issues in the case.

OTA also objects to 18 hours of billable time for travel. Evidence was offered by Mr. Logan that these hours were necessary. Several hours were for travel to the property so that the attorneys would be familiar with it. Other travel time included visits with appraisers and judges concerning the case.

Based on the record, we do not find that the court abused its discretion when it awarded attorney fees for aerial photography and travel time to the Landowners. *See State ex rel. Burk v. Oklahoma City*, 598 P.2d 659 (Okla.1979).

Although OTA argues that the attorney fees were unreasonable for other reasons, OTA failed to raise these allegations of error in the Petition in Error. Generally, this court will not consider or review errors or issues that have not been raised by the petition in error. *Greene v. Circle Insurance Co.*, 557 P.2d 422, 423 (Okla. 1976). Because our examination is limited to the issues raised in Petition in Error, this Court will not address this allegation of error.

## III.

OTA also objects to the amount assessed for the appraisal fees of Mr. Don Wilson and Mr. Eddie Peters. OTA argues that the trial court abused its discretion because the fees were excessive and unreasonable.

OTA objects to paying $5,265 for Mr. Don Wilson's appraisal and courtroom testimony. Mr. Wilson's standard fee is $480 a day for courtroom testimony and $60 an hour for other work. OTA argues that Mr. Wilson's fee includes 71.75 hours at $60 an hour for reviewing a routine rural residential appraisal of less than 10 acres and for preparing his testimony. OTA maintains that this amount is excessive.

OTA also objects to Mr. Eddie Peters' appraisal fees as excessive. They argue

that the normal rural residential appraisal of less than 10 acres is $240.00.

■ This Court has not previously established guidelines for determining the reasonableness of appraisal fees. However, we find the criteria that has been adopted to evaluate the reasonableness of attorney fees is helpful. *See State ex rel. Burk v. Oklahoma City*, 598 P.2d 659, 663 (Okla. 1979). Translating the criteria for attorney fees to appraisal fees results in the following:

1. Time and labor required.

2. The uniqueness of the property.

3. The skill necessary to appraise the particular property.

4. The usual fee charged for similar appraisals.

5. The urgency of getting the appraisal submitted.

6. The value of the property involved.

7. The experience, reputation and ability of the appraisers.

During the hearing on attorney fees, Mr. Wilson testified about his experience in condemnation cases. His normal bill for such cases includes an average of 75 to 90 hours of labor. He also testified that because of Mr. Logan's experience as a condemnation lawyer he only charges $60 an hour instead of his regular fee of $75 an hour. In doing the appraisals, the Logan, Lowry firm required Mr. Wilson and Mr. Peters to coordinate their work. The record indicates that Mr. Wilson testified that, upon reviewing Mr. Peters' bill and his own bill, he did not find that the charges were unreasonable.

According to Oklahoma Statute Title 27, § 11(3), the court may award such sums as will reimburse the landowner for reasonable appraisal fees resulting from a condemnation action if the jury award exceeds the court-appointed commissioners' award by ten percent. Considering the factors and the evidence that was presented, we do not find that the trial court abused its discretion in ruling on the appraisal fees.

IV.

■ Landowners' filed a counter appeal objecting to the denial of litigation expenses and of Mr. Bill Scarth's expert witness fees for testimony during the hearing on attorney fees. As previously discussed this Court's decision in *New* is dispositive of the issue of litigation expenses. In *New*, this Court found that litigation expenses in condemnation actions were not reimbursable.

During the hearing on attorney fees, Mr. Scarth, an attorney with condemnation experience, testified as to the value of legal services provided by the Logan, Lowry Law Firm. The Landowners contend that the trial court erred in not assessing the fee of $450 for Mr. Scarth's services. OTA claims that the trial court was correct in denying the fees because there is no statutory authority for recovery of expert witness fees incurred during a hearing on attorney fees.

Title 27, § 11 and Title 66, § 55(D) expressly apply to condemnation actions. *See New*, 853 P.2d at 766. These statutes specify that, when the jury award exceeds the commissioners' award by at least ten per cent, a landowner "may be paid such a sum as in the opinion of the court will reimburse such owner for his reasonable attorney, appraisal, engineering, and expert witness fees *actually incurred because of the condemnation proceeding*." (Emphasis added.)

Mr. Scarth's testimony was incurred as a result of the condemnation proceeding. Because the wording of the statute specifically allows for reimbursement of expert witness fees "actually incurred because of" the proceedings, it was the Legislature's intent to allow reimbursement for reasonable expert witness fees incurred during the hearing on attorney fees following the condemnation proceedings. Also this Court has stated that, in fixing the amount of attorney fees, expert testimony may be used. *Suttle v. Chadwell*, 196 Okl. 298, 301, 164 P.2d 880, 881 (1945). Therefore, we find that the trial court erred in denying Mr. Scarth's expert witness fee.

### V.

Landowners have filed a motion for appeal-related attorney fees. As this Court stated in *New*, appeal-related attorney fees are recoverable when there is statutory authority for the award of attorney fees in the trial court. Because sections 9 and 11 of title 27 provide a basis for the award in the trial court, Landowners' motion is granted. *See New*, 853 P.2d at 767.

### VI.

In conclusion, the trial court properly assessed attorney fees, appraisal fees, engineering fees and court costs against OTA. Further, after a review of the record we cannot say that the attorney and appraisal fees were unreasonable; thus, reimbursement for these fees and costs is affirmed. We also affirm the trial court's denial of litigation expenses. However, the court erred in denying expert witness fees for Mr. Scarth. The cause is remanded to the trial court to enter judgment consistent with this opinion and to conduct an evidentiary hearing to determine the reasonable amount of appeal-related attorney fees and to assess that amount against OTA.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH INSTRUCTIONS.**

LAVENDER, V.C.J., and SIMMS, KAUGER and WATT, JJ., concur.

OPALA, ALMA WILSON and SUMMERS, JJ., concur in part, dissent in part.