The **OKLAHOMA TURNPIKE AUTHORITY, Appellant,**

v.

Donald R. **HORN** and Jolene **Horn, Appellees.**

No. 77162.

Supreme Court of Oklahoma.

Sept. 29, 1993.

---

Gable & Gotwals by Richard W. Gable, Hilborne & Weidman by Thomas G. Hilborne, Jr., Tulsa, for appellant.

Logan, Lowry, Johnston, McGeady, Curnutte & Logan by J. Duke Logan and Thomas J. McGeady, Vinita, for appellees.

HODGES, Chief Justice.

Appellant, Oklahoma Turnpike Authority (OTA), appealed an order of the District Court of Delaware County which awarded certain fees and costs to the appellees, Donald R. Horn and Jolene Horn (Landowners). The order was part of a condemnation action brought against Landowners to acquire land for the Cherokee Turnpike. The court-appointed commissioners determined $15,500 to be just compensation for the sixteen-acre strip of land. Landowners demanded a jury trial, and the jury returned a verdict of $25,000.00.

Landowners filed an Application for Assessment of Litigation Expenses seeking reimbursement for attorney fees, engineering fees, expert witness fees, appraisal fees and litigation expenses in the amount of $44,190.00; OTA objected. Following an evidentiary hearing, the court assessed at-

torney fees of $28,314.00, appraisal fees of $10,246.00, and engineering fees of $5,630.00. The assessment included $2,209.87 in litigation expenses and $50.00 for jury fee.

OTA appealed raising the following· errors: (1) The trial court erred in determining that attorney fees, engineering fees, appraisal fees and litigation expenses are assessable against the OTA in a condemnation action; (2) The trial court abused its discretion by allowing excessive attorney, appraisal and engineering fees; and (3) The award should be barred because the agreement to split the attorney fees between lawyers of different firms violates the Rules of Professional Conduct.

## I.

■ As to assessment of attorney fees, engineering fees, appraisals fees, litigation expenses, and court costs in condemnation actions involving the OTA, the recent decision in *Oklahoma Turnpike Authority v. New*, 853 P.2d 765 (Okla.1993), is dispositive. In *New*, OTA appealed a ruling that assessed attorney fees, engineering fees, appraisal fees, litigation expenses and court costs against it. This Court held that OTA was subject to assessment of attorney, appraisal and engineering fees and court costs in condemnation proceedings pursuant to Okla.Stat. tit. 27 §§ 9, 11 (1991), when the jury award exceeded the court-appointed commissioners' award by at least ten percent. However, this Court held that litigation costs were not recoverable as a separate item because they were part of the overhead of the provider.

Under *New*, Landowners in the present case can recover the requested fees. However, they cannot recover litigation expenses. The only remaining issues are (1) whether the attorney fees are reasonable, (2) whether the appraisal and engineering fees are reasonable, and (3) whether the fee-splitting agreement bars recovery of attorney fees.

## II.

■ In determining whether attorney, appraisal and engineering fees are reason-

able, *Abel v. Tisdale*, 619 P.2d 608 (Okla. 1980), requires the Supreme Court to affirm the trial court's decision unless the Court finds an abuse of discretion. To reverse on the grounds of abuse of discretion, "it must be found that the trial judge made a clearly erroneous conclusion and judgment, against reason and evidence." *Id.* at 612.

In *State ex rel. Burk v. Oklahoma City*, 598 P.2d 659 (Okla.1979), this Court adopted the following criteria for determining the reasonableness of attorney fees:

1. Time and labor required.
2. Novelty and difficulty of the questions.
3. The skill requisite to perform the legal service.
4. The preclusion of other employment by the attorney due to acceptance of the case.
5. The customary fee.
6. Whether the fee is fixed or contingent.
7. Time limitations imposed by the client or the circumstance.
8. The amount involved and the results obtained.
9. The experience, reputation and ability of the attorneys.
10. The "undesirability" of the case.
11. The nature and length of the professional relationship with the client.
12. Award in similar cases.

*Burk*, 598 P.2d at 661, (quoting *Evans v. Sheraton Park Hotel*, 503 F.2d 177, 187 (1974)).

■ Landowners must offer evidence relating to these factors in order to establish reasonableness of the fees. *Burk*, 598 P.2d at 663. The facts and computations in support of the requested fees must also be set forth with specificity. *Oliver's Sports Center v. Nat'l Standard Ins.*, 615 P.2d 291, 295 (Okla.1982). Attorneys must submit to the court "detailed time records showing the work performed and offer evidence as to the reasonable value for the

services performed for different types of legal work." *Id.*

▮ The record shows that the Landowners have submitted evidence to support their position. Detailed time records which were verified by the attorneys were submitted into evidence. In the hearing on attorney fees, Landowners' attorney, Mr. McGeady, testified that, although he was not experienced in condemnation work when he undertook the representation, he was able to educate himself with the help of his law partners who were experienced. McGeady had the necessary trial experience and the time required to proceed with this action.

Concerning novelty and difficulty of the case and the skill required to perform, Landowners' attorneys testified that due to the unique nature of the taking by the OTA, there existed an argument at trial that the property had suffered no loss. There was also little evidence to show that Landowners had suffered a loss of business income due to the taking. The attorneys had to spend additional time to defend the Landowners' position against these arguments.

In addition, the record indicates that by agreeing to prosecute this case several limitations were placed upon the Logan, Lowry firm. The firm was precluded from taking other types of plaintiff litigation because of the demand placed upon the firm by the turnpike cases. Future limitations result from state agencies', previous clients of the firm, lack of willingness to hire the firm in condemnation actions due to their reputation as landowners' attorneys.

In regard to customary fee, Mr. McGeady testified that his fee of $125.00 an hour was the standard fee he charged all clients. The reputation and the experience of the attorneys in the Logan, Lowry firm was evidenced in the hearing. Mr. Logan was recognized as one of the most experienced condemnation lawyers in the area.

Landowners' attorneys presented evidence of the value and quality of their services in respect to this case and in relation to other attorneys in the same area. Besides the previously mentioned factors, Landowners were placed in a time restraint due to OTA's temporary taking of land which closed their business at the Smile–A–Mile corner. Based on the evidence presented, we do not find that the trial court abused its discretion in awarding attorney fees.

## III.

▮ OTA also argues that the trial court abused its discretion by awarding excessive appraisal and engineering fees. They object to paying two different appraisers' fees (Donald W. Wilson and Eddie R. Peters) when they believe only one appraiser was necessary. They also question the amount of hours billed by the engineer Steven Lett.

According to Oklahoma Statute tit. 27, § 11(3), the landowner will be reimbursed for reasonable attorney, appraisal and engineering fees resulting from a condemnation action if the jury award exceeds the court-appointed commissioners' award by ten percent. Landowners put on evidence which was not rebutted that the appraisal and engineering fees were reasonable. After review of the record, we find the trial court did not abuse its discretion in its assessment of the appraisers' fees or the engineering fees.

## IV.

▮ OTA argues that the fee splitting agreement between the lawyers representing Landowners violated Rule 1.5(e) of the Rules of Professional Conduct. They claim that there was no evidence that the agreement was in writing or that each lawyer assumed joint responsibility as required by Rule 1.5(e). OTA posits that an award of attorney fees in light of a possible violation of Rule 1.5(e) condones unprofessional conduct.

The argument is answered in the section defining the scope of the Rules of Professional Conduct. It states:

Violation of a Rule should not give rise to a cause of action nor should it create presumption that a legal duty has been breached. The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule. Accordingly, nothing in the Rules should be deemed to augment any substantive legal duty of lawyers or the extra- disciplinary consequences of violating such a duty.

Assuming that the fee agreement violated Rule 1.5(e), OTA is not relieved of its responsibility to reimburse the Landowners' for their attorney fees.

### V.

█ Landowners have filed a motion for appeal-related attorney fees. As this Court stated in *New,* appeal-related attorney fees are recoverable when there is statutory authority for the award of attorney fees in the trial court. Because sections 9 and 11 of title 27 provide a basis for the award in the trial court, Landowners' motion is granted. *See New,* 853 P.2d at 767.

### VI.

In conclusion, the trial court properly allowed reimbursement of attorney fees, appraisal fees, engineering fees, and court costs but erred in awarding litigation expenses. Further, after a review of the record, we cannot say that the attorney, appraisal or engineering fees were unreasonable. The cause is remanded to the trial court to enter judgment consistent with this opinion and to conduct an evidentiary hearing to determine the reasonable

amount of appeal-related attorney fees and assess that amount against OTA.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH INSTRUCTIONS.**

LAVENDER, V.C.J., and SIMMS, OPALA, KAUGER, SUMMERS and WATT, JJ., concur.

ALMA WILSON, J., concurs in part, dissents in part.