The **OKLAHOMA TURNPIKE AUTHORITY, Appellant,**

v.

Richard E. **GARNER and Nena Lee Garner, husband and wife; Elaine Witt, County Treasurer of Delaware County, Oklahoma; and Board of County Commissioners of Delaware County, Oklahoma, Appellees.**

No. 79944.

Supreme Court of Oklahoma.

Oct. 26, 1993.

Randall Elliott, Pryor, for appellant.

Logan & Lowry by Leonard M. Logan, IV and David E. Jones, Vinita, for appellees.

HODGES, Chief Justice.

Appellant, Oklahoma Turnpike Authority (OTA), appealed an order of the District Court of Delaware County which awarded certain fees and costs to the appellees, Richard E. Garner and Nena Lee Garner (Landowners). The order was part of a condemnation action brought against Landowners to acquire land for the Cherokee Turnpike. The court-appointed commissioners determined $10,800 to be just compensation for the forty-acre tract of land. Landowners demanded a jury trial, and the jury returned a verdict of $22,500.

Landowners filed an Application for Assessment of Litigation Expenses seeking reimbursement for attorney fees, engineering fees, appraisal fees and litigation expenses; OTA objected. Following an evidentiary hearing, the court awarded Landowners reimbursement of attorney fees of $10,169.80, engineering fees of $1,824.89, appraisal fees of $13,845.50, and litigation expenses of $447.40.

OTA appealed raising the following errors: (1) The trial court erred in determining that attorney fees, engineering fees, appraisal fees, and litigation expenses are assessable against the OTA in a condemnation action; and (2) The court abused its discretion by allowing excessive appraisal fees. The Turnpike Authority did not appeal the reasonableness of the attorney fees or the engineering fees.

I.

As to assessment of attorney fees, engineering fees, appraisal fees and litigation expenses in condemnation actions involving the OTA, the recent decision in *Oklahoma Turnpike Authority v. New*, 853 P.2d 765 (Okla.1993), is dispositive. In *New*, OTA appealed a ruling that assessed attorney fees, engineering fees, appraisal fees, litigation costs, and court costs against it. This court held that OTA was subject to assessment of attorney, appraisal, and engineering fees in condemnation proceedings pursuant to Okla.Stat. tit. 27, §§ 9, 11 (1991), when the jury award exceeded the court-appointed commissioners' award by at least ten per cent. However, this Court held that litigation costs were not recoverable as a separate item because they were part of the overhead of the provider.

Under *New*, Landowners in the present case can recover the requested fees. However, they cannot recover litigation expenses. Thus the only remaining issue raised by the Petition in Error is whether the appraisal fees are reasonable.

II.

OTA objects to the appraisal bills submitted by Don Wilson and Eddie Peters.

Mr. Wilson's bill included 122 hours at $60 an hour for a total of $7,320.00. Mr. Peter's bill included 107.5 hours at $60 an hour and $75 for film developing for a total of $6,525.50. The trial court assessed the amount of those bills against OTA. OTA argues the trial court abused its discretion because the fees were excessive and unreasonable.

In determining whether fees are reasonable, *Abel v. Tisdale*, 619 P.2d 608 (Okla. 1980), requires the Supreme Court to affirm the trial court's decision unless the Court finds an abuse of discretion. To reverse on the grounds of abuse of discretion, "it must be found that the trial judge made a clearly erroneous conclusion and judgment, against reason and evidence." *Id.* at 612.

OTA argues the amount of hours billed by the appraiser are excessive based on the complexity of the case. They argue that Mr. Wilson's 122 hours and Mr. Peters' 107.5 hours are excessive given the 40 acre piece of land contained only a metal pole barn which had no commercial purpose. OTA specifically questions the appraisal charges of 22.5 hours for viewing the property and the hours billed by each appraiser in preparation for depositions. The appraisal fees also included charges for developing photographs which OTA argues are litigation expenses and are not assessable in a condemnation action. OTA does not dispute the $60 an hour fee as excessive.

During the hearing on attorney fees, Mr. Wilson testified that his bill for 122 hours of work spanned a two year time period. Specifically, his hours included researching comparable sales, visiting the property, investigating and correlating other sales, reviewing city utility plans, and preparing for depositions and for trial. Mr. Wilson testified that the Logan, Lowry firm usually requires 30 to 40 more hours of preparation than other firms. He also testified that his fee was reasonable.

Mr. Peters testified that his hours spent on this case were reasonable and were necessary to properly prepare the case for his client. He reasserted the importance of conducting on-site inspections, researching and correlating other sales and making adequate preparation for trial. He added that the Logan Lowry firm is more demanding than other law firms.

Considering the factors and the evidence that was presented, it appears the appraisal fees were excessive. Twenty-two and one-half hours to view 40 acres of land containing only a pole barn seems unjustified. Therefore, we remand the matter to the trial court for a reexamination of the appraisal fees.

██ OTA also contests the award of the cost of developing film. Under *New*, that cost is part of the overhead of the appraiser. Thus, the trial court was incorrect in awarding litigation expenses for photo developing. *See New*, 853 P.2d at 767.

### III.

██ Landowners have filed a motion for appeal-related attorney fees. As this Court stated in *New*, appeal-related attorney fees are recoverable when there is statutory authority for the award of attorney fees in the trial court. Because sections 9 and 11 of title 27 provide a basis for the reimbursement of attorney, engineering, and appraisal fees in the trial court, Landowners' motion is granted as to those fees. *See New*, 853 P.2d at 767. Because the trial court is reversed on the issue of the reimbursement of litigation expenses, Landowners are not entitled to recover appeal-related attorney fees associated with defending the reimbursement of litigation expenses.

### IV.

In conclusion, the trial court properly assessed attorney fees, engineering fees and appraisal fees against OTA, but erred in awarding litigation expenses. The trial court should have denied the litigation expenses that were included in the appraisal fees. Further, the appraisal fees appear to be excessive. The cause is remanded to the trial court to reexamine the appraisal fees and enter judgment consistent with this opinion and to conduct an evidentiary

hearing to determine the reasonable amount of appeal-related attorneys' fees for defending the trial court's decision regarding attorney, engineering, and appraisal fees and to assess that amount against OTA.

AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH INSTRUCTIONS.

LAVENDER, V.C.J., and SIMMS, HARGRAVE, OPALA, ALMA WILSON, KAUGER and WATT, JJ., concur.

SUMMERS, J., not participating.