### The OKLAHOMA TURNPIKE AUTHORITY, Appellant,

v.

### Dennis P. ASHER and Patricia Asher, husband and wife; Elaine Witt, County Treasurer of Delaware County, Oklahoma; and Board of County Commissioners of Delaware County, Oklahoma, Appellees.

No. 79951.

Supreme Court of Oklahoma.

Oct. 26, 1993.

Randall Elliott, Pryor, for appellant.

Logan & Lowry by Leonard M. Logan, IV and David E. Jones, Vinita, for appellees.

HODGES, Chief Justice.

Appellant, Oklahoma Turnpike Authority (OTA), appealed an order of the District Court of Delaware County which awarded certain fees and costs to the appellees, Dennis P. Asher and Patricia Asher (Landowners). The order was part of a condemnation action brought against Landowners to acquire land for the Cherokee Turnpike. The court-appointed commissioners determined $13,420 to be just compensation for the twenty-acre tract of land. Landowners demanded a jury trial, and the jury returned a verdict of $23,000.

Landowners filed an Application for Assessment of Litigation Expenses seeking reimbursement for attorney fees, engineering fees, appraisal fees, and litigation ex-

penses; OTA objected. Following an evidentiary hearing, the court awarded Landowners reimbursement of attorney fees of $14,042.45, engineering fees of $1,859.52, appraisal fees of $13,387.00, and litigation expenses of $643.75.

OTA appealed raising the following errors: (1) The trial court erred in determining that attorney fees, engineering fees, appraisal fees and litigation expenses are assessable against the Oklahoma Turnpike Authority in a condemnation action; and (2) The trial court abused its discretion by allowing excessive appraisal fees. The Turnpike Authority did not appeal the jury's verdict awarding Landowners just compensation of $23,000 or the reasonableness of the attorney fees or the engineering fees.

### I.

■ As to assessment of attorney fees, engineering fees, appraisal fees, and litigation expenses in condemnation actions involving the OTA, the recent decision in *Oklahoma Turnpike Authority v. New*, 853 P.2d 765 (Okla.1993), is dispositive. In *New*, OTA appealed a ruling that assessed attorney fees, engineering fees, appraisal fees, litigation expenses, and court costs against it. This Court held that OTA was subject to assessment of attorney, appraisal, and engineering fees in condemnation proceedings pursuant to Okla.Stat. tit. 27, §§ 9, 11 (1991), when the jury award exceeded the court-appointed commissioners' award by at least ten per cent. However, this Court held that litigation costs were not recoverable as a separate item because they were part of the overhead of the provider.

Under *New*, Landowners in the present case can recover the requested fees. However, they cannot recover litigation expenses. We therefore hold that attorney fees, engineering fees and appraisal fees are assessable against OTA in the present case. However, the trial court erred in assessing litigation expenses against OTA. Thus the only remaining issue raised in the Petition in Error is whether the appraisal fees are reasonable.

### II.

OTA objects to the appraisal bills submitted by Don Wilson and Eddie Peters. The trial court assessed the amount of those bills against OTA. OTA argues the trial court abused it discretion because the fees were excessive and unreasonable.

■ In determining whether fees are reasonable, the standard of review established in *Abel v. Tisdale*, 619 P.2d 608 (Okla.1980), requires the Supreme Court to affirm the trial court's decision unless the Court finds an abuse of discretion. To reverse on the grounds of abuse of discretion, "it must be found that the trial judge made a clearly erroneous conclusion and judgment, against reason and evidence." *Id.* at 612.

■ Mr. Peters' bill included 110 hours at $60 an hour and $22 for film developing. His total bill was $6,622.00. Mr. Wilson's bill included 112.75 hours at $60 an hour for a total of $6,765.00. The trial court awarded Landowners reimbursement for the full amount of each of the appraisers' bills.

OTA objects to the amount of hours billed by the appraiser relative to the complexity of the case. They argue that Mr. Wilson's 112.75 hours and Mr. Peters' 110 hours are excessive given the twenty-acre piece of land contained only a mobile home. OTA specifically questions the appraisal charges of 22 hours for viewing the property and the hours billed by each appraiser in preparation for depositions. The appraisal fees also included charges for development of photographs which OTA argues are litigation expenses and are not assessable in a condemnation action.

The parties stipulated that $60.00 an hour was a reasonable appraisal fee and that the appraisers would testify that the hours that they expended were reasonable and necessary to adequately prepare the case. The parties also stipulated that Mr. Charles Small, a reputable appraiser, would testify that the hours billed by Mr. Wilson

**1208**

and Mr. Peters were excessive for the type of case.

Considering the factors, the stipulations, and the itemized bills of the appraisers, it appears the hours spent viewing the property and preparing for depositions are excessive. Twenty-two hours to view 20 acres of land containing only a mobile home seems unjustified. Therefore, we remand the matter to the trial court for a reexamination of the appraisal fees.

■ OTA also contests the award of the cost of developing film. Under *New*, that cost is a part of the overhead of the appraiser. Thus, the trial court was incorrect in awarding litigation expenses for photo developing. *See New*, 853 P.2d at 767.

### III.

■ Landowners have filed a motion for appeal-related attorney fees. As this Court stated in *New*, appeal-related attorney fees are recoverable when there is statutory authority for the award of attorney fees in the trial court. Because sections 9 and 11 of title 27 provide a basis for the reimbursement of attorney, engineering, and appraisal fees in the trial court, Landowners' motion is granted as to those fees. *See New*, 853 P.2d at 767. Because the trial court is reversed on the issue of the reimbursement of litigation expenses, Landowners are not entitled to recover appeal-related attorney fees associated with defending this recovery.

### IV.

In conclusion, the trial court properly assessed attorney fees, engineering fees and appraisal fees against OTA, but erred in awarding litigation expenses. The trial court should have denied the litigation expenses that were included in the appraisal fees. Further, the appraisal fees appear to be excessive. The cause is remanded to the trial court to reexamine the appraisal fees and enter judgment consistent with this opinion and to conduct an evidentiary hearing to determine the reasonable amount of appeal-related attorney fees for defending the trial court's decision regarding attorney, engineering, and appraisal fees and to assess that amount against OTA.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH INSTRUCTIONS.**

LAVENDER, V.C.J., and SIMMS, HARGRAVE, OPALA, ALMA WILSON, KAUGER and WATT, JJ., concur.

SUMMERS, J., not participating.