972 P.2d 39 (1998)
1998 OK CIV APP 181
STATE of Oklahoma, ex rel. DEPARTMENT OF TRANSPORTATION, Plaintiff/Appellant,
v.
Ronnie OLIVER, a single man; Bank of Locust Grove; and the Mayes County Treasurer, Defendants/Appellees.
No. 89,780.
Court of Civil Appeals of Oklahoma, Division No. 1.
September 25, 1998.
Certiorari Denied December 8, 1998.
Kelly F. Monaghan, Tulsa, for Appellant.
Randall Elliott, R. Benjamin Sherrer, Pryor Creek, for Appellees.
Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 1.

*40 OPINION

GARRETT, Judge.
¶ 1 Appellant, State of Oklahoma, ex rel. Department of Transportation (DOT), commenced a condemnation proceeding against Appellee, Ronnie Oliver, the owner of real property which DOT needed to increase the width of a highway in Mayes County, Oklahoma. DOT appeals the judgment of the trial court which awarded appraisal fees to Oliver.
¶ 2 Court appointed commissioners appraised the property, and DOT deposited into court the amount of $12,500.00 pursuant to the Report of Commissioners. Oliver requested a jury trial on the issue of the amount of compensation for his property. The jury returned a verdict for $37,500.00. Because the verdict exceeded the court appointed Commissioners' appraisal by more than ten percent, Oliver filed an Application for Assessment of Litigation Expenses, which included appraisers' fees, engineering fees and attorney's fees and costs, pursuant to 27 O.S.1991 § 11.[1] The trial court awarded Oliver the total amount of $21,275.00 to be paid to three appraisers he hired, as follows:

 1. Eddie R. Peters $7,450.00
 2. J.B. Robison $7,450.00
 3. Don Wilson, Cherokee
 Creek Appraisal, Inc. $6,375.00

*41 The subject of this appeal involves only the award of appraisers' fees.
¶ 3 For reversal, DOT contends the following:
1. The trial court committed reversible error by failing to make specific findings of fact to support the appraisal fees awarded.
2. The trial court abused its discretion by awarding appraisal fees absent specific findings that Oliver actually incurred such fees.
3. The trial court abused its discretion in awarding excessive fees for the appraisers testifying at the fee hearing.
¶ 4 DOT contends 27 O.S.1991 § 11(3), which provides for an award of "reasonable. . . appraisal . . . fees, actually incurred because of the condemnation proceeding" [emphasis supplied], requires the court to make a specific finding of fact that: (1) the fees sought were actually incurred; (2) it was reasonable for the property owner to incur such fees; and (3) the amount of the fee is reasonable. It contends the trial court failed to set forth in the order the specific facts and computation which support the award.
¶ 5 In Weavel v. U.S. Fidelity & Guar. Co., 1993 OK CIV APP 4, ¶ 24, 848 P.2d 54, 59, the Court acknowledged the trial court's requirement, under 12 O.S.1991 § 611, to make specific findings of fact because one of the parties requested it:
We do, however, find merit in Appellant's allegation the trial court erred in failing to state findings of fact and conclusions of law. When there is a timely request, the trial court has a duty to make written findings and conclusions in accordance with 12 O.S.Supp.1991 § 611. Davis v. Gwaltney, 291 P.2d 820 (Okla.1955). [Footnote omitted.] [Emphasis supplied.]
¶ 6 DOT cites Oklahoma Turnpike Authority v. Horn, 861 P.2d 304, 1993 OK 123, and Oklahoma Turnpike Authority v. Little, 1993 OK 116, 860 P.2d 226, as authority that the trial court was required, in a condemnation case regarding reasonableness of appraisal fees, to make specific findings of fact. DOT argues the Supreme Court has extended the case of State ex rel. Burk v. Oklahoma City, 1979 OK 115, 598 P.2d 659, relating to attorney fees, to awards of appraisal fees in condemnation cases, and it is therefore required to make specific findings of fact. However, we do not read Little and Horn this strictly.
¶ 7 Although the Supreme Court in Little stated the Burk factors are "helpful" in appraisal fee cases for determining whether a fee is reasonable, it is silent as to a requirement of the type of specificity in the order awarding appraisal fees. In Horn, the language cited by DOT related only to the portion of the opinion regarding attorney fees. Both Little and Horn require the landowners to offer evidence with regard to the Burk factors in support of the fees requested, and this Court must determine the evidence is present in the record on appeal. However, the language in these cases does not permit an interpretation that the trial court is required to make specific findings of fact, and we will not extend them that far.
¶ 8 The evidence shows Oliver believed the three appraisers he employed would bill him for their fees whether or not the fees were paid by DOT. Although DOT cites excerpts from the transcript indicating Oliver did not think he would owe the fees, he testified on redirect examination that he had not understood the question. The appraisers testified that they were to be paid regardless of the outcome of the trial.[2] We hold the fees were "actually incurred." See *42 Root v. Kamo Elec. Co-op., Inc., 1985 OK 8, 699 P.2d 1083, approving the definition of "incur" from New Collegiate Dictionary (1979), as "to become liable or subject to." Because the appellees therein bore the ultimate responsibility, the Court determined they had "incurred" these debts.
¶ 9 Additionally, each appraiser submitted time records in support of their fee requests. Neither Horn nor Little held the level of detail required in Burk for attorney fee awards was required for appraisers' fees. From our review of these records, which are sufficiently explicit, and from the testimony presented, we hold the trial court did not abuse its discretion in its award of the appraisers' fees.
¶ 10 Finally, DOT contends the trial court abused its discretion in awarding excessive fees for the appraisers' time at the hearing to give testimony. It complains that none of the witnesses were under subpoena, and although each testified only about 30 minutes, they stayed at the court house the entire day.
¶ 11 Oliver correctly responds that each of the witness's testimony was necessary to defend the action and to prove the fees he incurred. The trial court did not abuse its discretion in awarding the appraisers their normal hourly fee of $75.00 for appearing.
¶ 12 Additionally, Oliver has requested appeal-related attorney fees. The request is granted. Landowners awarded attorney fees in eminent domain actions are entitled to attorney fees on appeal. See Oklahoma Turnpike Authority v. New, 1993 OK 42, 853 P.2d 765, Oklahoma Turnpike Authority v. Horn, supra. This case is remanded to the trial court to determine a reasonable fee under the guidelines of State ex rel. Burk v. Oklahoma City, supra.
¶ 13 AFFIRMED AND REMANDED.
JOPLIN, P.J. and JONES, V.C.J., concur.
NOTES
[1] § 11. Reimbursement of expenses when property not acquired or jury award exceeds Commissioner's award by at least ten percent

Where a condemnation proceeding is instituted by any person, agency or other entity to acquire real property for use as provided in Section 9 of this title and
. . .
3. If the award of the jury exceeds the award of the court appointed commissioners by at least ten percent (10%), the owner of any right, title or interest in such real property may be paid such sum as in the opinion of the court will reimburse such owner for his reasonable attorney, appraisal and engineering fees, actually incurred because of the condemnation proceedings. Such determination by the court shall be appealable to the Supreme Court in the same manner as any other final order. The final award of such sums will be paid by the person, agency or other entity which sought to condemn the property.
[2] Robison testified:

Q. Was there any contingency in your fee arrangement or were you to be paid regardless of the outcome?
A. No, sir. I get paid regardless.
Peters testified:
Q. Okay. Was there any understanding or an agreement that you would be paid only in the event of a favorable trial result?
A. No, there was not.
. . .
Q. But who hired you?
A. Mr. Oliver.
Q. Okay. Is that who (sic) the contractual agreement was made?
A. We just had a verbal agreement, but yes, that's who's responsible for paying me.
Mr. Wilson testified:
Q. Was your payment in any way contingent or conditioned upon a favorable result?
A. No, sir.
Q. Okay. If the verdict had not exceeded commissioners report by ten percent, who was responsible for the payment of your fee?
A. I would have forwarded the same bill to you to be paid by Ronnie Oliver.