2005 OK 7

**STATE of Oklahoma, ex rel., DEPART-MENT OF TRANSPORTATION, Plaintiff/Appellant,**

v.

**W.H. CARTER aka Henry Carter & Nannie Carter, husband and wife, and Loretta Carter, Defendants/Appellee.**

No. 98,512.

Supreme Court of Oklahoma.

Feb. 8, 2005.

Thomas Jot Hartley, The Hartley Law Firm, PLLC, Vinita, OK, for Plaintiff/Appellant.

Tim K. Baker, Tim K. Baker & Associate, Tahlequah, OK, for Defendant/Appellees.

EDMONDSON, J.

¶ 1 Appellees, W.H., Nannie and Loretta Carter, (collectively the Carters), seek certiorari from the Court of Civil Appeals' order denying their application for appeal-related attorney fees. The Carters prevailed in this appeal brought by the Oklahoma Department of Transportation from the trial court's award in favor of the Carters for post-judgment interest on costs associated with their jury verdict. Certiorari was previously

granted and we find in favor of the Carters. We vacate the order of the Court of Civil Appeals and remand the matter to the trial court for hearing to determine the amount of the fees.

¶ 2 The relevant facts underlying this controversy are these. The Oklahoma Department of Transportation commenced an action in condemnation against the Carters in 1998 to acquire their land in connection with a project to widen a highway. The Carters disputed the amount of just compensation determined by the court-appointed commissioners, and, in 2000, a jury trial on the issue was had which resulted in an award for the Carters more than 10% in excess of the award proposed by the commissioners. The Carters then filed an application with the trial court for attorney fees, appraisal fees and expert witness fees pursuant to 66 O.S. 1991, § 55(D), which provides that in such a situation the trial court may award the landowner a sum to be paid by the condemning authority which will "reimburse such owner for reasonable attorney, appraisal, engineering, and expert witness fees actually incurred because of the proceedings."

¶ 3 The trial court ruled in favor of the Carters and awarded the fees. The Department appealed and the Court of Civil Appeals, Div. II, affirmed that judgment in *State of Oklahoma, ex rel. Department of Transportation v. Carter*, No. 95,642, (June 18, 2002)(unpublished opinion, *cert. denied*). The Department then paid the fees to the Carters but refused to pay post-judgment interest on the award and the Carters then filed a motion before the trial court to require such payment. The trial court granted their motion and the Department appealed that award in the instant matter.

¶ 4 The Department was again unsuccessful on appeal. The Court of Civil Appeals, Div. No. III, ruled in favor of the Carters and affirmed the award, finding the Department had a statutory obligation under 12 O.S.2001, § 727, to pay post-judgment interest on the award for attorney fees. Subsequently, pursuant to the procedure set forth in Okla. Sup.Ct. Rule 1.14 and 12 O.S.2001 § 696.4, the Carters filed the application for

appeal-related attorney fees at issue here. The Court of Civil Appeals, Hansen, J., dissenting, denied their application on September 9, 2004.

¶ 5 A party who prevails in litigation is generally not entitled to recover an attorney fee from the losing party unless it is otherwise provided by statute or contract. *Adams v. Unterkircher*, 1985 OK 96, 714 P.2d 193, 196. It was unrefuted below that 66 O.S.2001, § 55, authorized the Carters' award of attorney fees below since the jury award was more than 10% in excess of the commissioners' proposed award.

¶ 6 Whenever there is statutory authority, such as in this case, to award attorney fees in the trial of a matter, the prevailing party may be awarded additional fees for additional legal services rendered in the appellate court. *Sisney v. Smalley*, 1984 OK 70, 690 P.2d 1048, 1051; *Goodwin v. Durant Bank & Trust Co.*, 1998 OK 3, 952 P.2d 41, 44.

¶ 7 Relying on *Sisney v. Smalley, supra,* we held in *Oklahoma Turnpike Authority v. New,* 1993 OK 42, 853 P.2d 765, that landowners who received an award from their jury trial in an amount greater than 10% of the court-appointed commissioners' award, were rightly awarded attorney, appraisal, engineering and expert witness fees pursuant to 66 O.S.1991, § 55 and 27 O.S.1991, § 11, and that they were "entitled to appeal-related attorney fees." Id. at 767. We granted the landowners' application for appeal-related attorney fees and remanded the case to the trial court to conduct an adversary hearing to determine the amount of the fee and to assess it against the Authority. See also the following decisions finding appeal-related attorney fees are recoverable when there is statutory authority for an award of attorney fees in the trial court: *Oklahoma Turnpike Authority v. Asher,* 1993 OK 136, 863 P.2d 1205; *Oklahoma Turnpike Authority v. Garner,* 1993 OK 137, 863 P.2d 1208; *Oklahoma Turnpike Authority v. Horn,* 1993 OK 123, 861 P.2d 304; *Oklahoma Turnpike Authority v. Little,* 1993 OK 116, 860 P.2d 226; *Oklahoma Turnpike Authority v. Cockrell,* 1993 OK 109, 859 P.2d 1099; *State ex rel. Dept. of*

*Transportation v. Oliver,* 1998 OK CIV APP 181, 972 P.2d 39.

¶ 8 Liability for post-judgment interest is established by 12 O.S.2001, § 727, which provides in pertinent part:

Except as otherwise provided by this section, all judgments of courts of record, including costs and attorney fees authorized by statute or otherwise and allowed by the court, shall bear interest at a rate prescribed pursuant to this section. 12 O.S.2001, § 727.A.1.

¶ 9 The statute additionally sets forth the details necessary to determine the applicable interest rate and to calculate the amount of post-judgment interest, to which we hold the Carters are entitled. To the extent that *McAlester Urban Renewal Auth. v. Hamilton,* 1974 OK 50, 521 P.2d 823, holds otherwise, it has been abrogated by statute.

¶ 10 Accordingly, we vacate the order of the Court of Civil Appeals. We grant the Carters' application for appeal-related attorney fees. Following the issuance of mandate, the trial court is authorized to conduct an adversary hearing to determine the amount of that fee and to assess it against the Department of Transportation.

¶ 11 ALL JUSTICES CONCUR.