2012 OK CIV APP 23

**Doris J. MARLER, and on behalf of the NOWATA SENIOR CITIZENS CENTER, Petitioner/Appellee,**

v.

**Steve C. KLOEHR, Defendant/Appellant.**

No. 109,237.

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 26, 2012.

Perry W. Newman, Owasso, Oklahoma, for Defendant/Appellant.

KENNETH L. BUETTNER, Presiding Judge.

¶1 Defendant/Appellant Steve C. Kloehr (Kloehr) appeals from the trial court's Final Order of Protection granted to Petitioner/Appellee Doris J. Marler and the Nowata Senior Citizens Center (Marler). After reviewing the record, we hold that the trial court abused its discretion by granting a Final Order of Protection to Marler. According to 22 O.S.Supp.2009 § 60.2.A.1., if a victim of stalking is not family, living in the same household, or in a dating relationship with the defendant, he or she must file a complaint with a law enforcement agency before seeking a victim protection order from the court. The statute requires the petitioner to provide a copy of the complaint filed with a law enforcement agency at the full hearing. Marler did not provide a copy of a complaint made to law enforcement at the full hearing. We reverse.

¶2 Marler filed a form Petition for an Order of Protection against Kloehr September 21, 2010. In the form Petition, Marler alleged that she was a victim of Kloehr's stalking. Marler claimed that the incident which caused her to file the petition occurred on September 19, 2010. Marler also indicated in her Petition that she and Kloehr were not family or household members or in a dating relationship. Twice the information on the form Petition explained to Marler that:

> If you are seeking a protective order as a victim of Stalking, and you do not meet one of the above relationship tests, you must have filed a complaint against the defendant with the proper law enforcement agency before filing this Petition (a copy of the complaint must be attached or provided at the hearing).
>
> . . .
>
> If the Petitioner is a victim of stalking, but is not a family or household member or an individual who is or has been in a dating relationship with the Defendant, you *must* file a complaint against the Defendant with the proper law enforcement agency before

filing a petition for a protective order with the District Court. The Petitioner shall attach a copy of the complaint to the petition or present the complaint to the court at the time of the hearing.

Marler did not attach a copy a complaint previously made to a law enforcement agency, but she mentioned that the police had been called to the Nowata Senior Citizens Center to keep order during meetings. The trial court issued an emergency victim protection order that day.

¶ 3 A full hearing was conducted October 12, 2010. At that time, Kloehr made *in camera* and open court requests for Judge Gibson's recusal. The trial court denied Kloehr's requests. Kloehr also sought a continuance in order to request that Chief Judge DeLapp hear the motion for recusal. The trial court denied Kloehr's request for a continuance.

¶ 4 Marler testified that she and the Nowata Senior Citizens Center needed a protection order against Kloehr because he prevented the board from conducting its meetings. Marler testified that Kloehr screamed, spoke out of order, and disrupted the meetings. On cross-examination, Marler testified that she had not been personally threatened, hurt, or intimidated by Kloehr. At the conclusion of Marler's case, Kloehr demurred to the evidence, arguing that Marler had not "provided sufficient proof to show that there's been a violation of protective order under the statutes." The trial court overruled Kloehr's demurrer. After Kloehr testified and the defense rested, the trial court granted a Final Order of Protection to Marler, effective until October 12, 2013.

¶ 5 On October 13, 2010, Kloehr filed a Motion to Vacate the Final Order of Protection. Kloehr argued that the protective order should have been denied because Marler did not establish that she had a family or

dating relationship with Kloehr and Marler did not provide a copy of the complaint made to law enforcement. Chief Judge DeLapp ordered a hearing on the motion to vacate for December 10, 2010. On December 3, 2010, Kloehr filed a Rule 15 Motion for Disqualification of Judge Gibson. On December 7, 2010, a letter signed by Richard L. Miller, several Nowata County Sheriff radio logs, and an incident report, dated September 21, 2010, were filed with the court clerk. Kloehr's Motion for Disqualification was denied by the Chief Judge DeLapp December 10, 2010. On February 11, 2011 Chief Judge DeLapp purported to deny hearing Kloehr's motion to vacate because he did not have jurisdiction. Nonetheless, Chief Judge DeLapp denied Kloehr's motion to vacate without considering the merits of the Final Order of Protection. Kloehr appeals from the trial court's Final Order of Protection.[1]

¶ 6 Proceedings under the Protection from Domestic Abuse Act are reviewed for an abuse of discretion. *Curry v. Streater*, 2009 OK 5, ¶ 8, 213 P.3d 550, 554. Under an abuse of discretion standard, the appellate court examines the evidence in the record and reverses only if the trial court's decision is clearly against the evidence or is contrary to a governing principle of law. *Id.* (citing *State ex rel. Tal v. Oklahoma City*, 2002 OK 97, ¶ 3, 61 P.3d 234, 240). To reverse under an abuse of discretion standard, an appellate court must find the trial court's conclusions and judgment were clearly erroneous, against reason and evidence. *Id.* (citing *Oklahoma Tpk. Auth. v. Little*, 1993 OK 116, ¶ 6, 860 P.2d 226, 228).

¶ 7 The issues on appeal are (1) whether the trial court abused its discretion by granting Marler a Final Order of Protection when Marler did not provide a copy of a complaint previously made to law enforce-

---

1. Kloehr initially appealed from the Final Order of Protection. The Oklahoma Supreme Court instructed Kloehr to file an amended Petition in Error in order to attach as Exhibit A, a copy of the order denying the motion to vacate. Kloehr complied in amending his petition but did not argue in his appellate brief that the court abused its discretion by denying the motion to vacate.

"Issues raised in the Petition in Error but omitted from the brief may be deemed waived. Argument without supporting authority will not be considered." Okla. S.Ct. R. 1.11(k)(1); *see Johnson v. Ford Motor Co.*, 2002 OK 24, ¶ 1, 45 P.3d 86, 88, n. 2. Therefore, we will only review the Final Order of Protection.

ment at the full hearing; and (2) whether there was sufficient evidence to issue a victim protection order based on stalking.[2] As a preliminary matter, we note that Marler did not file a response to the Petition in Error or an answer brief. Marler waived her right to file an answer brief pursuant to Okla. S.Ct. R. 1.105(a). Where an appeal is submitted on an appellant's brief only, an appellate court is under no duty to search the record for a theory to sustain the trial court's judgment if Appellant's brief is reasonably supportive of the allegations of error. If Appellant's brief is not so supportive, the trial court's decision will be affirmed. *Cooper v. Cooper*, 1980 OK 128, 616 P.2d 1154.

¶ 8 A victim of stalking may seek protective relief under the Protection from Domestic Abuse Act. According to 22 O.S.Supp.2009 § 60.2.A.1:

If the person seeking relief is a victim of stalking but is not a family or household member or an individual who is or has been in a dating relationship with the defendant, *the person seeking relief must file a complaint against the defendant with the proper law enforcement agency before filing a petition for a protective order with the district court. The person seeking relief shall provide a copy of the complaint that was filed with the law enforcement agency at the full hearing if the complaint is not available from the law enforcement agency.* Failure to provide a copy of the complaint filed with the law enforcement agency shall constitute a frivolous filing and the court may assess attorney fees and court costs against the plaintiff pursuant to paragraph 2 of subsection C of this section.

(Emphasis added.)

¶ 9 Title 22 § 60.2.A requires a person seeking a protective order based on stalking, who is not a family or household member or in a dating relationship with the defendant, to file a complaint with law enforcement prior to filing a petition for an order of protection with the district court. The statute also requires that the petitioner provide a copy of the complaint previously filed with law enforcement at the full hearing. Marler is not a family or household member or in a dating relationship with Kloehr. Marler did not present a copy of the complaint at the full hearing. A letter, radio logs, and an incident report were filed with the court clerk December 7, 2010—nearly two months after the date of the hearing and the date the Final Order of Protection was issued. While the December 7, 2010 filings suggest that Marler may have filed a complaint with law enforcement prior to seeking a victim protection order, a copy of the complaint was not before the trial court at the decisional stage.[3] We hold that the trial court abused its discretion by granting a Final Order of Protection to Marler. Marler failed to meet the statutory requirements of 22 O.S. § 60.2.A.1. when she did not provide a copy of a complaint previously made to law enforcement at the full hearing.

¶ 10 Because we reverse based on Marler's failure to provide a copy of a complaint made to law enforcement at the full hearing, we will not address whether there was sufficient

2. In his Petition in Error and appellate brief, Kloehr also argues that the trial court committed reversible error by granting the Nowata Senior Citizens Center, a non-profit corporation, an order of protection. Kloehr did not raise this issue during the hearing or in his motion to vacate; therefore, it has not been preserved for appellate review. However, we recognize that the Protection from Domestic Abuse Act appears to apply to individual persons, not entities. Title 22, § 60.1.2 defines "stalking" as:
[T]he willful, malicious, and repeated following or harassment of *a person* by an adult, emancipated minor, or minor thirteen (13) years of age or older, in a manner that would cause a reasonable *person* to feel frightened, intimidated, threatened, harassed, or molested and actually causes

the *person* being followed or harassed to feel terrorized, frightened, intimidated, threatened, harassed or molested. Stalking also means a course of conduct composed of a series of two or more separate acts over a period of time, however short, evidencing a continuity of purpose or unconsented contact with a *person* that is initiated or continued without the consent of the *individual* or in disregard of the expressed desire of the *individual* that the contact be avoided or discontinued.
22 O.S.Supp.2009 § 60.1.2 (emphasis added).

3. We express no opinion as to whether a letter, radio logs, and an incident report qualify as a "complaint" required by 22 O.S. § 60.2.A.1.

evidence to grant a victim protection order based on stalking.

¶ 11 REVERSED.

JOPLIN, V.C.J., and MITCHELL, J. (sitting by designation), concur.